M. GRADWOHL *v.* L. B. HARRIS AND M. H. TURRILL, DEFENDANTS, AND S. WAUGENHEIM AND ISAAC BLUM, INTERVENORS.

SUIT BY ASSIGNEE OF A CLAIM.—An absolute assignment of a demand enables the assignee to sue for and recover the whole debt, even though by the assignment he acquired only a portion of the demand.

INTERVENTION BY PART OWNER OF CLAIM SUED ON.—If the owner of a claim assigns it absolutely, retaining, however, an interest in it, he may intervene to protect his interest in an action brought by the assignee to collect the same, and if he does not intervene, he is bound by the judgment.

EVIDENCE OF ADMISSION OF SUM DUE ON A CONTRACT.—If a contract in writing is made by a person to repay such sums as may afterwards be advanced to the agents of a toll road company, a statement in writing, signed by him afterwards, admitting that the toll road company is indebted in a certain sum for money advanced on the contract, is admissible in evidence in an action on the contract brought against him.

CONTRACT TO PAY MONEY—STATUTE OF FRAUDS.—A contract in writing, agreeing to pay to the party of the second part such sums as he may afterwards advance to a foreman of a toll road company, is not a promise to pay the debt of another, and not within the Statute of Frauds.

MISTAKE IN WRITTEN ADMISSION—PAROL PROOF OF.—A written admission that a certain sum is due on a contract, signed by the party making the admission, does not estop him from showing by parol testimony that there was a mistake in the admission.

APPEAL from the District Court, Sixth Judicial District, Sacramento County.

This action was brought to recover moneys alleged to have been advanced by Waugenheim & Blum on the following contract:

"We, the undersigned, agree to refund and pay within thirty days, to Messrs. Waugenheim & Blum, such sum or sums as they may pay to the order or certificate of William A. Johnson, (a foreman of the Silver Mountain Toll Road Company,) given by him to any employés who have labored for said company under him; also, to the order or certificate as above of George Phillips, a foreman of said company, to any employés who have labored for said company under him, with interest thereon from the date of said payments at the rate of two per cent per month, payable in gold coin of the United States.

"SACRAMENTO CITY, January 10th, 1864.

"LEW. B. HARRIS,
"M. H. TURRILL."

Plaintiff claimed as the assignee of Waugenheim & Blum.

On the trial, plaintiff, to prove the sums advanced on the contract, offered in evidence the following certificate:

"EXHIBIT B.—This certifies that the Silver Mountain Toll Road Company is indebted to Waugenheim & Blum, by virtue of an agreement made at Sacramento on the 10th day of January, 1864, by L. B. Harris and the undersigned, on behalf of the said Silver Mountain Toll Road Company, for certain bills and vouchers, in the sum of thirty-seven hundred and thirty-six dollars and forty-six cents, ($3,736 46,) whereof three thousand dollars ($3,000) to draw interest from February 1st, 1864, the remainder from March 1st, 1864. This agreement

does not include the amount said Waugenheim & Blum now have against said toll road company, contracted prior to the 10th day of January, 1864, (being a judgment.)

"SAN FRANCISCO, March 3d, 1864.

"M. H. TURRILL,
"Superintendent Silver Mountain Toll Road.
"LEW. B. HARRIS."

Defendants objected to its being received in evidence, and the Court overruled the objection.

The amount admitted by Exhibit B to be due, was the full amount for which Johnson and Phillips had drawn orders under the contract.

Defendants, on their part, offered to prove that Waugenheim & Blum did not pay the face of the orders to those who presented them, but purchased them at a discount, for the purpose of showing that there was less due on the contract than the face of the orders as admitted in Exhibit B.

On plaintiff's objection, the Court ruled out the testimony. The defendants appealed.

The other facts are stated in the opinion of the Court.

*H. H. Hartley,* for Appellants.

This settlement shows that Waugenheim & Blum intended to hold the company liable to them for the whole amount of the orders, in addition to the liability to them for such amounts as they might have bought up the orders at, and this we contend to be the legitimate interpretration of the last instrument.

We think that the instrument marked Exhibit B had nothing to do with this case, was clearly irrelevant, and should not have been read in evidence under defendants' objection, and in admitting it, and making it the base of judgment, the Court materially erred.

As this last agreement was not the foundation of the action, the plaintiff and intervenors should not have been permitted to have introduced it in evidence. (*Green* v. *Palmer*, 15 Cal. 411; *Garvey* v. *Fowler*, 4 Sanford, 667; *Mann* v. *Moorewood*, 5 Sanford, 559; Vansanvoord's Pleadings, Vol. I, 776.)

The rule that excludes parol evidence only applies to *contracts*, and not to an acknowledgment of either payment or indebtedness. In this, therefore, the Court erred in excluding the testimony offered by the defendants. (Greenleaf on Evidence, Vol. I, Sec. 305.)

*Coffroth & Spaulding*, for Respondent.

The paper evidencing the settlement (the paper marked B) is not set forth in the pleadings, and when an instrument is neither set out in the pleadings by its tenor, nor described by its legal import, but is merely brought forward to sustain an allegation, not referring to it expressly in any way whatever, a variance will not be fatal if the substance of what is alleged be proved. (Phillips' Evidence, Part I, Vol. III, p. 692; Greenleaf's Evidence, Vol. I, Sec. 69; *Castro* v. *Wetmore*, 16 Cal. 380; *Ferguson* v. *Howard*, 8 Cranch, 408.)

Appellants claim that they should have been permitted to *falsify* the settlement as proved by Exhibit B.

There is nothing in the answer showing that the defendants were ignorant, at the time of signing the instrument, of any of the facts upon which the settlement was based, and consequently there was no ground for permitting them to surcharge and falsify. (*Baker* v. *Biddle*, Baldwin's R., Vol. I, 417.)

There was a settled account; and where an account has been stated between the parties without fraud or coercion, and the statement evidenced by a written agreement, signed by the parties, showing the terms of the settlement and how they were to be bound thereby, the party should be held to the terms of such written agreement, and the account should not be opened. (*Troup* v. *Haight*, Hopkins' Ch. Rep., Vol. I, p. 268; see, also, 2 Atk. 189; 4 Cranch, 309; 1 Ch. Cases, 289; 1 Vernon, 180; 2 Atk. 119; 9 Ves. 265; 11 Wheat. 256; 2 Ves. 566; Story's Equity, Vol. I, pp. 500, 501; 1 McCord's Ch. R. 161.)

Where there has been a settlement of accounts, and each

party is innocent, and there is no concealment of facts which the other party ought or has a right to know, and no surprise or imposition exists, the mistake, whether mutual or unilateral, is treated as laying no foundation for equitable interference, and is strictly *damnum absque injuria.* (*Belt* v. *Mehan*, 2 Cal. 160.)

Accounts *settled* cannot be set aside but for fraud, or surcharged and falsified but for error. (*Branger* v. *Chevalier*, 9 Cal. 361.)

By the Court, SHAFTER, J.

The plaintiff sues as assignee of Waugenheim & Blum. The assignment is denied by the defendants in their answer. Waugenheim & Blum intervened, alleging that they were and ever had been the owners of three fourths of the claim in suit, and praying judgment for the amount. The case was tried by the Court and judgment was entered for the plaintiff and intervenors to recover of the defendants the whole claim as an entirety; and it was further ordered and adjudged that the plaintiff was entitled to one fourth of the amount and the intervenors to the other three fourths.

First—The evidence of the plaintiff to prove that the entire claim was assigned to him, was an indorsement in blank by Waughenheim & Blum of a document signed by the defendants, in which the amount due on the contract in suit was stated at three thousand seven hundred and thirty-six dollars and forty-six cents.

Though it was in fact understood by the parties that the beneficial interest to pass by the assignment was limited to one fourth of the claim, still the plaintiff, as holder of the legal title, could sue for and recover the whole amount. It was competent, however, for the assignors to assert their equitable right by intervening in the action. Had they not intervened they would have been bound by the direct and legal operation of the judgment. (*Horn* v. *The Volcano Water Company*, 13 Cal. 62.)

Second—Exhibit "B," (the document before mentioned,) signed by the defendants, was admissible in evidence for the purpose of proving the amount due under the contract upon which the complaint was framed. That contract was not merged in the agreed statement of the amount due upon it.

Though the statement speaks of the contract as having been made by the defendants on behalf of the Silver Mountain Toll Road Company, yet it is apparent on inspection that the defendants contracted as principals; and furthermore, the pleadings show that the company was but a common partnership, of which the defendants were the principal, and, so far as was known to the intervenors, the only members. We therefore consider the agreed statement given in evidence, as relating to a debt due from the defendants personally under the contract declared on.

There can be no just pretense that either the contract or the statement of the amount due have anything to do with the Statute of Frauds. The contract was an original undertaking on the part of the defendants, and not a promise to pay the debt of another; and in view of the identity between the Toll Road Company and the defendants, it is apparent that whatever is said in the statement about the company is said in effect by the defendants of themselves.

The statement was, however, but an admission on the part of the defendants of the amount due from them, and they are not estopped from showing the admission to be inaccurate. Admissions which have not been acted on, and which the party may controvert without any breach of good faith or evasion of public justice, though admissible in evidence, are not conclusive against him. It follows that the ruling of the Court, excluding the defendants' evidence to show error in the written admission of the amount due and payable in gold under the terms of the contract, was erroneous.

Judgment reversed and new trial ordered.

Mr. Justice RHODES expressed no opinion.