DETERMINED IN

# THE SUPREME COURT

OF THE

# STATE OF CALIFORNIA.

---

[No. 7,016.—Department Two.]
June 30, 1882.

## J. B. HAGGIN ET AL· v. WILLIAM S. CLARK.

SATISFACTION OF JUDGMENT—CO-PLAINTIFFS.—Appeal from an order setting aside the satisfaction of a judgment in favor of H. & L. entered by the plaintiff L.

*Held:* The evidence does not show that the whole amount of the judgment was paid to L., and only on payment was he, as a co-judgment creditor, authorized to enter satisfaction without consent of H.

APPEAL by defendant from an order ·in favor of plaintiff setting aside certain satisfactions of judgment in the Fifteenth District Court of the City and County of San Francisco. DWINELLE, J. ·

*Sawyer & Ball,* for Appellant.

*M. G. Cobb,* for Respondent.

THORNTON, J.:

This is an appeal from an order setting aside certain satisfactions of judgment in this action. The satisfactions were

CAL. REPS. LXI—1

set aside by the order appealed from except as to two thousand one hundred and fifty dollars. The motion on which the order appealed from was made was tried on affidavits and the deposition of B. S. Brooks, and the Court decided to grant the motion as above. On examining the evidence we think the order was correct. Haggin has not received the amount due him, nor has it been paid to any one authorized to receive it for him. Though satisfaction of this judgment was given by Le Roy, we are not satisfied from the evidence that the whole amount of the judgment was paid him, and only on payment was he, as a co-judgment creditor, authorized to enter satisfaction without the consent of Haggin—Le Roy only received his share. We affirm the order, without deciding what precise amount is due to Haggin, indicating, however, on what data the computation is to be made. There is no doubt that Haggin owned during the whole period for which mesne profits were allowed (the judgment was recovered in an action for mesne profits), four sixteenths of the land for the detention of which the rents and profits were claimed. They were allowed for three years ending on the twentieth of November, 1866, when Haggin and Le Roy were restored to possession, and amounted to ten thousand eight hundred dollars. On the eighteenth of June, 1866, Haggin acquired three sixteenths additional. He is then entitled to four sixteenths of the amount of the judgment up to the eighteenth of June, 1866, and to seven sixteenths from the date just named to the twentieth of November, 1866. The deed of the eighteenth of June, 1866, only conveyed the land, it transferred none of the antecedent rents and profits. These latter were no part of the land and did not pass by the deed. The computation made on the foregoing data will show that more is due to Haggin than he has received. The ruling of the Court below in vacating the satisfactions is without error. Le Roy was really represented by the defendant Clark, who had purchased his interest in the judgment prior to the making of the motion to vacate.

Order affirmed.

MYRICK and SHARPSTEIN, JJ., concurred.