[No. 9280. In Bank. — December 27, 1886.]

J. B. HAGGIN ET AL., PLAINTIFFS, *v.* WILLIAM S. CLARK, RESPONDENT. J. B. HAGGIN, APPELLANT.

FINDINGS — DETERMINATION OF RIGHTS OF PLAINTIFFS AS BETWEEN THEMSELVES — EVIDENCE TO CONTRADICT JUDGMENT. — Where the findings show that the plaintiffs are entitled to recover, and further determine their respective interests as between themselves in the subject-matter of the action, parol evidence or affidavits cannot be received, on a motion by the defendant to have the judgment satisfied, to show that the interests of the plaintiffs in the judgment are other or different from that shown by the findings.

ID. — DECISION ON PRIOR APPEAL — LAW OF CASE. — On a former appeal in this case, the Supreme Court determined, as between the appellant and

his co-plaintiff, the proportion of the judgment against the defendant to which they were each entitled. The defendant afterwards, having acquired the interest of the co-plaintiff in the judgment, tendered to the appellant the proportion due him in satisfaction thereof, but the appellant refused to receive it. The defendant thereupon paid the amount into court, and moved to have the judgment satisfied of record. *Held*, that the decision on the former appeal was the law of the case, and that the motion was properly granted.

APPEAL from an order of the Superior Court of the city and county of San Francisco ordering a judgment to be satisfied of record.

The facts are stated in the opinion, and in the opinion in Department Two.

*Moses G. Cobb*, for Appellant.

*E. D. Sawyer*, for Respondent.

SEARLS, C.— This cause was decided by Department Two on the thirtieth day of January, 1886.

A reargument in Bank was ordered, and we are again called upon to review the cause.

It is claimed that in the former opinion too much weight was given to the previous decision in the same case (61 Cal. 1), and that what we extracted from the last-named decision as the *law of the case*, and treated as *res adjudicata* on the question at issue, was in reality *obiter dicta*, or at least based upon a record in no respects binding upon the plaintiffs, Haggin and Le Roy.

The following summary will suffice to an understanding of the salient points involved in the case:—

On the second day of May, 1864, Theodore Le Roy, as the assignee of Jacob P. Leese, recovered judgment in ejectment against defendant Clark for the undivided four sixteenths (4-16) of certain premises situate in the city and county of San Francisco.

On the 22d of March, 1865, Haggin and Le Roy, as plaintiffs, recovered judgment against said Clark for pos-

session of the same land, according to their respective interests; that is to say, the said Haggin four sixteenths (4-16), and said Le Roy eight sixteenths (8-16), undivided.

On the eighteenth day of June, 1866, Theodore Le Roy and Rudolph Steinbach conveyed te Haggin seven sixteenths (7-16), undivided, of, in, and to said land, which included the four sixteenths of said land formerly owned by said Haggin, which still left said Le Roy the owner of nine sixteenth (9-16) of said land.

Two actions were brought against Clark to recover mesne profits of the land during the period of his wrongful possession.

One of these actions was brought by Le Roy, and the other by Haggin and Le Roy.

By consent of counsel, the two actions were tried together, upon an agreement that in case of recovery by plaintiffs, one half of the amount found in their favor should be awarded in each case.

The causes were tried by the court without a jury, and all of the foregoing facts as to title and the quantity of interest appear in the findings of fact.

Judgment was rendered in each case about September 11, 1874, in favor of the plaintiff or plaintiffs therein for $5,400, and certain further sums by way of interest, which interest was, however, on appeal to this court, stricken out and disallowed, with costs to defendant, and thereafter judgment was entered in the court below for $5,400, with legal interest thereon from date of entry, and at the same time, and as a part of the same judgment, defendant recovered his costs of appeal, taxed at $79.50.

Pending the appeal to this court, defendant Clark took from Le Roy an assignment of all his interest in the two judgments, and subsequently the court below ordered them satisfied on payment to Haggin of the share or proportion due him as per the findings in the case.

This appeal is from the order so made satisfying the judgments in Le Roy and Haggin against Clark.

The question presented for determination is this:—

Where the findings in a cause show that two plaintiffs are entitled to recover, and show the share or interest which each plaintiff has in the subject-matter of the action, can oral testimony or affidavits be received on a motion to have the judgment satisfied, to show that the interest of the plaintiffs in the judgment is other or different from that shown in the findings?

By section 578 of the Code of Civil Procedure, it is provided that the judgment may, "when the justice of the case requires it, determine the ultimate rights of the parties on each side, as between themselves."

In the present case, it appears that the court did, by its findings, determine the interests of the respective plaintiffs as between themselves.

We must presume in favor of the findings (in the absence of the pleadings) that they are responsive to the issues made in the case.

It is true, the appellant contends that there was nothing in the pleadings warranting these findings, but the pleadings, which are the only legitimate evidence on the subject, were not offered to substantiate their position.

We must therefore hold that, under the presumption in favor of the findings above referred to, some necessity existed for the findings of the court, and that they were warranted by the issues in the cause.

In view of this position, it was not in order for plaintiff Haggin, upon a motion to have the judgment satisfied, to show by affidavits and deeds that his interest all along was greater than that found by the court. *Non constat,* but this very evidence may have been introduced upon the trial, and overcome by the admissions of the pleadings or by other evidence. If injustice was done the appellant, he had his redress by a motion for a new trial or appeal to correct the error, but he cannot waive

all these rights, and by a motion founded upon oral evidence or affidavits try the facts of the cause anew, or any portion of them, in a manner not known to the practice of our courts.

We may infer that it was in view of this reasoning that this court, when the cause was here before (61 Cal. 1), indicated as the *data* upon which the amount due Haggin was to be determined the proportion or interest to which the findings showed him to be entitled.

We see no reason for modifying what was said in the opinion heretofore rendered by Department Two on this appeal, to the effect that the relative rights of the parties having been settled on the former appeal (61 Cal. 1), such decision became the law of the case.

Waiving this conclusion, however, and we are of opinion that if appellant has a remedy, it must be by appropriate action against his co-plaintiff, who he shows occupied the relation of a trustee to himself, and not by the means invoked on this motion.

We are of opinion the former decision of Department Two affirming the order of the court below should stand as the decision in the cause.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the order is affirmed.

The following is the opinion of Department Two, above referred to:—

SEARLS, C.—The court below, on motion of defendant, ordered satisfaction of a judgment in favor of plaintiffs, under section 675 of the Code of Civil Procedure.

From this order plaintiffs appeal.

This action was originally brought to recover rents, issues, and profits of certain premises situate in the city and county of San Francisco, and which premises had

before that time been recovered from the defendant in certain actions of ejectment.

The cause was tried by the court and written findings filed, upon which judgment was entered in favor of the plaintiffs for $17,408.

Of this sum, $12,008 was for interest. An appeal was taken to this court, and the judgment of the court below was modified by striking out the sum of $12,008 allowed as interest, and the court below instructed to modify its judgment accordingly. (51 Cal. 112.)

This was done by the entry of a judgment in favor of plaintiffs for five thousand four hundred dollars.

That judgment so modified was satisfied of record.

Plaintiff Haggin moved the court below for an order setting aside the satisfactions of the judgment, upon the ground that they were improperly entered. The order was granted, except as to $2,150.

Defendant Clark appealed from this last order, and this court affirmed the action of the court below (61 Cal. 1) in the following opinion:—

THORNTON, J., delivered the opinion of the court.

"This is an appeal from an order setting aside certain satisfactions of the judgment in this action. The satisfactions were set aside by the order appealed from, except as to $2,150. The motion on which the order appealed from was made was tried on affidavits and the deposition of B. S. Brooks, and the court decided to grant the motion as above. On examining the evidence, we think the order was correct. Haggin has not received the amount due him, nor has it been paid to any one authorized to receive it for him.

"Though satisfaction of this judgment was given by Le Roy, we are not satisfied from the evidence that the whole amount of the judgment was paid him, and only on payment was he, as a co-judgment creditor, authorized to enter satisfaction without the consent of Haggin,—

LXXI. CAL.—29

Le Roy only received his share. We affirm the order, without deciding what precise amount is due to Haggin, indicating, however, on what *data* the computation is to be made. There is no doubt that Haggin owned during the whole period for which mesne profits were allowed (the judgment was recovered in an action for mesne profits) four sixteenths of the land for the detention of which the rents and profits were claimed. They were allowed for three years, ending on the 20th of November, 1866, when Haggin and Le Roy were restored to possession, and amounted to ten thousand eight hundred dollars. On the 18th of June, 1866, Haggin acquired three sixteenths additional. He is then entitled to four sixteenths of the amount of the judgment up to the 18th of June, 1866, and to seven sixteenths from the date just named to the 20th of November, 1866.

"The deed of the 18th of June, 1866, only conveyed the land,—it transferred none of the antecedent rents and profits. These latter were no part of the land, and did not pass by the deed. The computation made on the foregoing *data* will show that more is due to Haggin than he has received. The ruling of the court below in vacating the satisfaction is without error. Le Roy was really represented by the defendant Clark, who had purchased his interest in the judgment prior to the making of the motion to vacate the order affirmed."

Thereafter defendant Clark tendered to Haggin the sum of money found due him, calculated on the basis of the foregoing opinion, less one half of certain costs, adjudged by the court to be paid defendant by the plaintiffs, and upon his refusal to receive said sum, the same, amounting to $1,213, was paid into court for said Haggin.

Thereupon, and on an order to show cause, after a hearing, in which the findings of the court, affidavits, etc., were used, the court below, on the second day of March, 1883, made an order denying a motion to vacate the judgment in favor of Clark, and against Haggin, for

$79.50 for the costs of appeal, and at the same time ordered that the judgment in Haggin and Le Roy *v.* Clark be satisfied of record.

Ordinarily the determination of an action between the parties, plaintiff and defendant, decides only the rights of the parties claiming adversely to one another, and does not attempt to adjudicate the rights of plaintiffs, between whom no issues are made, as between themselves, or as between defendants similiarly situated.

Where, however, in the progress of an action it becomes necessary to do so, for any purpose within the power of the court to accomplish, it may do so, "and it may, when the justice of the case requires it, determine the ultimate rights of the parties on each side, as between themselves." (Code Civ. Proc., sec. 578.)

Such action seems to have been taken in this case in the court below, when it set aside the satisfactions of judgment which had been entered of record therein, upon the ground, as we must conclude, that plaintiff Haggin had not received the portion of the proceeds of such judgment to which he was entitled.

The proportion of the judgment to which, as between himself and his co-plaintiff, he was entitled, became a controlling factor in determining the motion.

Upon the appeal from that order, this court affirmed the same, and with the record before it, upon which the lower court had acted, designated, not the gross sum to which the plaintiff Haggin was entitled, but the proportion, or as the court expressed it, "on what *data* the computation is to be made."

This left nothing necessary but a computation to determine the sum to which he was entitled. As that is certain which is capable of being made certain by computation, we may conclude it was, in legal intendment and effect, certain.

Upon the *data* thus furnished, the basis thus estab-

lished, the court below acted in making the order from which this appeal is taken.

The relative rights of the parties having been thus settled by this court, its decision is, as to that subject, and to the extent thus determined, the law of this case. (*Davidson* v. *Dallas*, 15 Cal. 75; *Leese* v. *Clark*, 20 Cal. 387; *Pico* v. *Cuyas*, 48 Cal. 639.)

If we concede, however, that the action of this court was not final in the premises, and that further testimony to vary the rights of the parties was permissible, we are still of opinion that there was such a conflict in the evidence that the decision of the court thereon should not be disturbed, and consequently, that the order appealed from should be affirmed.

BELCHER, C. C., and FOOTE, C., concurred.