GEORGE N. POTTER v. EDMUND W. HUNT AND CLARK
SLOAN.

*Joint defendants—Appeal—Assignment of judgment in payment of
attorney fees.*

Where appeals were taken by one of two defendants from justice's
    judgments, and prosecuted by *him* to final judgment for costs in
    the circuit court, his co-defendant refusing to join in such appeals
    or bear a share of the expenses attending the same, a satis-
    faction of said judgment by said co-defendant, filed in the case,
    should be set aside, and such costs retaxed in favor of the active
    appellant, on his motion, it appearing that prior to such satis-
    faction he had turned the judgment over to his attorneys in pay-
    ment of their fees.

Certiorari to review the judgment of the circuit court of
Eaton county, denying a motion to vacate a satisfaction
of a judgment, etc.    Argued January 6, 1888.    Decided
January 19, 1888.    Judgment reversed, and record remanded,
with directions to grant the motion.    The facts are stated in
the opinion.

*Huggett & Smith,* for defendant Hunt, who is the plaintiff
in *certiorari.*

*Parm S. DeGraff,* for plaintiff.

SHERWOOD, C. J.    The above-named plaintiff, in 1879,
commenced two suits against the above-named defendants
before Justice DeGraff in the county of Eaton.    The claim
of the plaintiff in each case was upon a promissory note made
by the defendants.

No defense was made in either case before the justice, and
on the thirty-first day of March, 1879, judgment was rendered
by the justice,—in one case for $300 damages, and $8.63
costs, and in the other for $285.37 damages, and $5.73 costs,

—in favor of the plaintiff. An appeal was taken in each case to the circuit court for the county of Eaton, by the defendant Hunt.

It appears from the record that the defendant Sloan refused to make defense to the claim of plaintiff in either suit, but was at the time the same were commenced, and ever since has continued to be, insolvent, and inimical towards Hunt and friendly to the plaintiff and his claims, and that in consequence of these circumstances Hunt was obliged to make his appeals to the circuit alone, and give the necessary bonds for that purpose, and was himself, both before the justice and in the circuit, obliged to look after the cases, make the defenses therein, and be to all the trouble, labor, and expense of the same.

The defendant Hunt employed attorneys after the causes were appealed, and, upon the consent of the parties, the two causes were consolidated and tried as one in the circuit, before Judge Hooker, with a jury, and the defendant Hunt prevailed, and the judgment was rendered for costs against the plaintiff. The costs were subsequently taxed at the sum of $71.13 by the clerk of the court, on consent of the plaintiff's attorney.

It appears that, while the proceedings were all had on the part of the defendants by defendant Hunt alone, they were carried forward in the name of both defendants, as the suits were originally commenced, except so far as the affidavits and bonds on appeal disclose. In these it appears clearly that the appeals were taken in the interest of defendant Hunt, and for the purpose of redressing his aggrievances in the cases.

Judgment in the circuit was rendered on the twenty-ninth day of April, 1879, and the costs were taxed on the twenty-seventh day of November, 1886.

On the thirtieth day of November, A. D. 1886, the defendant Sloan executed a receipt to the plaintiff, without the

knowledge or consent of the defendant, acknowledging full satisfaction of the judgment, and signed the same—

"Edmund W. Hunt and Clark Sloan, Defendants and Appellants, by Clark Sloan, One of said Defendants,"—

And which the plaintiff claims relieves him from all liability upon the judgment.

On the sixteenth day of December, 1886, the defendant Hunt made a motion to vacate and set aside the satisfaction of said judgment filed by the plaintiff in the case, thus obtained from the defendant Sloan, and direct a retaxation of said costs in favor of the defendant Hunt. This motion was denied by the court. It was based upon the affidavit of defendant Hunt and several others, showing that, before said receipt was obtained, the defendant Hunt had turned out to his attorneys in the case the bill of costs, as taxed, to be applied by them upon their retainer and fees charged for services in the case, and which amounted to as much as the bill of costs taxed. The affidavits further state in substance that the plaintiff, in order to obtain an undue and unjust advantage over defendant Hunt in the premises, secured the aid of said Sloan, and that by fraudulent collusion with him, against the just rights of the defendant Hunt, he obtained and filed in the circuit court satisfaction of said judgment, now asked to have vacated and stricken from the files.

The affidavits upon which the motion was based do not seem to be contradicted, neither is the affidavit made for the writ in the case falsified by anything appearing in the return made thereto. The defendant Hunt claims that his attorneys had a lien upon the judgment which could not have been ignored by either defendant, and that his equitable and just rights entitle him to the order he asked of the circuit court.

We think under all the circumstances disclosed in the record the circuit judge should have granted the order prayed for in the motion. There is no law or rule of practice pre-

venting the circuit judge from requiring the parties to recognize the just rights of each in the premises, and the rights of their or either of their attorneys to the costs collected; and, in view of the fact that Sloan was not only insolvent, but refused to give any aid of any kind to his co-defendant and alleged co-obligor upon the claims sued upon, and which turned out to be illegal, in getting rid of them, it rendered the duty of the court almost imperative to afford such protection to Hunt's interests as would prevent their being placed under the control of the plaintiff and his unfriendly co-defendant.

The plaintiff certainly had knowledge of all facts appearing upon the records and files in the cases, and from these alone he could not fail to take knowledge that the appeal was taken in the interest of Hunt; that the defense was prosecuted by him, and that he was the party who claimed to be aggrieved; that Sloan had taken no part in the defense; and that Hunt had in his employ attorneys to assist him. The plaintiff had no right to ignore these facts, and they alone required him to ascertain, in some way, whether or not the lien and interest in the judgment which they established in the defendant Hunt and his attorneys had been released or not. This he failed to do, and which, if the affidavits suggest the true facts, he designed and colluded not to do, and he thereby subjected himself to the legal consequences of the course he saw fit to take. These views are fully sustained by our own authorities. *Wells v. Elsam,* 40 Mich. 218; *Kinney v. Tabor,* 62 Mich. 517 (29 N. W. Rep. 86). See, also, How. Stat. § 7710; *Williams v. Ingersoll,* 89 N. Y. 508; *McGregor v. Comstock,* 28 Id. 240.

The judgment of the circuit court upon the motion must be reversed, with costs, and the record will be remanded, with direction to the circuit judge to grant the defendant Hunt's motion.

CHAMPLIN, MORSE, and LONG, JJ., concurred. CAMPBELL, J., did not sit.