[Civ. No. 3211.  First Appellate District, Division One.—September 20, 1920.]

W. A. CLARK, Plaintiff, v. D. R. JOHNSTON et al., Appellants; J. J. RAUER, Respondent.

W. A. CLARK, Plaintiff, v. D. D. CAMPIN et al., Appellants; J. J. RAUER, Respondent.

W. A. CLARK, Plaintiff, v. AMBROSE TAYLOR et al., Appellants; J. A. MILLER, Respondent.

[1] JUDGMENT—SATISFACTION—FRAUD—RIGHT TO VACATE. — A party to the record may have a satisfaction of judgment entered in fraud of his rights set aside on motion in the immediate action in which the judgment is entered.

[2] ID.—NOMINAL PLAINTIFF — SATISFACTION OF JUDGMENT — COLLUSION WITH JUDGMENT DEBTOR—VACATION BY REAL PARTY IN INTEREST.—A satisfaction of a judgment given pursuant to an arrangement between the nominal plaintiff and the judgment debtor in actual fraud of the real party in interest in the judgment may be vacated and set aside by the latter.

APPEALS from orders of the Superior Court of the City and County of San Francisco vacating satisfactions of judgments. Geo. A. Sturtevant, Judge. Affirmed.

The facts are stated in the opinion of the court.

Fred C. Peterson for Appellants.

H. M. Anthony for Respondents.

BEASLY, J., *pro tem.*—These are appeals by the defendants in the several cases from identical orders vacating in each case a satisfaction of judgment theretofore entered in favor of the respective plaintiffs in the actions entitled as above. The orders were made upon the motion of the respondent Rauer, a stranger to the record. There are three cases, similar in all respects, consolidated by stipulation and tried together in the superior court, and they are here upon a consolidated record under section 941a et seq. of the Code of Civil Procedure.

Avoiding so far as possible unnecessary detail, the facts of the three cases may be stated as follows: Clark, the plaintiff, was a bookkeeper in the office of Rauer, a collector. Rauer held three promissory notes as indorsee or assignee against Davis and his codefendants. Rauer transferred these notes to Clark by assignments absolute in form. The purpose of the assignments was solely that Clark's name should be used as plaintiff in these actions, which were accordingly begun in his name, one against Johnston and Davis, another against Campin and Davis, and the third against Taylor and Davis. A fourth action not embodied in this record figured in the facts as they finally developed in the trial court. These cases went to judgment in favor of plaintiff, the amounts thereof and of the fourth judgment above enumerated aggregating about $3,500. In this state of the cases Clark, at the instance of Davis, satisfied the judgments by

directions in writing to the clerk, which the latter obeyed by entering the satisfactions of record. For these satisfactions Clark took from Davis a check for $50 and a promissory note for $1,950. Clark made no profit personally from the transaction as he turned over and delivered the check and the note to Rauer's attorney, who was also Clark's attorney in the case. In one of the actions a writ of attachment had been issued and levied, and to secure the release of the property taken under this writ the Fidelity & Deposit Company of Maryland had, at the instance of Davis and his co-defendant, executed an undertaking, and the surety company, in turn, in order to secure itself had taken from the defendants in the action certain collateral. This was released upon presentation to the surety company of proof of satisfaction executed by Clark. The rights of the Fidelity & Deposit Company are not involved in this matter, as no attempt was made in the proceedings following the satisfaction to re-establish any rights of Rauer or Clark against it. Davis by securing the satisfaction of the several judgments, if it is permitted to stand, will profit to the extent of having settled judgments in about the sum of $3,500 for a promissory note of problematical value and $50 in cash, and also by having procured the release of the collateral held by the surety company as security for its undertaking given upon the release of the levy of the writ of attachment.

Following this satisfaction proceedings were instituted by Rauer upon which this appeal is predicated. Rauer in each action noticed a motion to set aside the satisfaction. This motion was based upon the ground that the satisfaction of judgment "was made and entered without right and without consideration." In support of his motion Rauer filed certain affidavits of himself and his attorney showing that Clark had no interest whatever in the notes or in the judgment; that the assignments to him had been made solely for purposes of collection and only with the intent upon his part and upon that of Rauer that he should nominally be plaintiff in the action; that he was not permitted to conduct or manage the litigation in any way; that he paid none of the costs, and that he was, in short, a mere figurehead in the case, and that Clark had nothing whatever to do with the actions except that they were prosecuted in his name; that at all times Rauer was the owner of the notes and judgments,

and that all these facts were at all times known to Davis; that Rauer had never authorized Clark to adjust, compromise, or settle the actions or to satisfy the judgments therein, and that Clark had no authority to do any of these things. Certain counter-affidavits were filed in the matter, but the trial court found in accordance with the facts above stated—or at least it must be presumed to have so found in support of the order which it subsequently made, no formal findings upon the matter having been filed. Certain oral testimony was presented at the hearing, and, among other things, Rauer testified that he had told Davis distinctly that Clark had no interest whatever in the judgments. Upon this state of the record the trial court vacated the satisfaction of judgment in each case.

[1] Upon this record it is contended by appellants that Rauer, being a stranger to the record, could not be heard to move to vacate the satisfaction. Of course, a party to the record may have a satisfaction, entered in fraud of his rights, set aside on motion in the immediate action in which the judgment is entered (*Haggin* v. *Clark,* 61 Cal. 1.) This case takes us so far in the controversy upon firm ground. The court of appeals of the state of New York went a step further in the case of *McGregor* v. *Comstock,* 28 N. Y. 237. The case involved facts so nearly like those of the case before us as to be indistinguishable in principle. Comstock, a tenant of Winthrop, was sued in ejectment by McGregor and others. Comstock had judgment for his costs. The plaintiffs and their attorneys knew from the beginning of the action that Comstock was not the real defendant in the case but that Winthrop was the person in whose interest the defense was being made. The judgment was satisfied by Comstock unknown to and without consultation with Winthrop after the latter had procured an execution and its levy against property of some of the defendants. The court of appeals, affirming an order vacating the satisfaction, said: "The order appealed from should be affirmed, whether the application for the order be regarded as made by defendant's attorney on his own behalf to enforce his lien as attorney, or on behalf of his client, who was the real party in interest and defended the action in the name of the nominal defendant for his own benefit." After a further discussion the writer of the opinion con-

tinues: "I am also of the opinion that under the circumstances Winthrop is to be regarded as the equitable assignee of the judgment as between him and Comstock, and that the giving of the satisfaction piece by Comstock was a fraud upon the rights of Winthrop. Winthrop had assumed the whole defense of the action and incurred all the expenses of the litigation. Comstock paid nothing and was liable for nothing to the attorney employed to defend. He had no equitable or legal right to the fruits of the judgment. The payment of the judgment to Comstock with knowledge of the facts was a fraud upon Winthrop. The facts disclosed in the affidavit show conclusively that a fraud was intended to be perpetrated. It would be a reproach to the law if such purpose could not be defeated."

In a case of similar import but where the facts differed in this, that the judgment was assigned after it was entered, the supreme court of errors and appeals of New Jersey said: "Where there has been a cancellation of judgment procured by fraud or mistake this court has the power to vacate such cancellation and to restore the lien of the judgment, saving the rights of intervening creditors who have in good faith and without notice given credit and obtained liens upon belief that such judgments have been legally satisfied." (*Keogh* v. *Delaney*, 40 N. J. L. 97.) The case presented the following facts: At the request of Delaney and his son, who was his surety, one Bonnell paid Keogh his judgment and took an assignment thereof. Delaney gave Bonnell a note for the amount, for which it was agreed that the judgment should stand as collateral. Delaney applied to Keogh's attorney for a satisfaction, which was given him inadvertently and procured without Bonnell's knowledge. This act on the part of Delaney was held to be fraudulent, and upon motion of Bonnell the satisfaction was set aside.

*Potter* v. *Hunt and Sloane*, 68 Mich. 242, [36 N. W. 58], presents from a somewhat different standpoint the same principle. Potter sued Hunt and Sloane on two promissory notes. Hunt successfully defended to judgment for his costs. Potter knew that Hunt had defended the case alone; that Sloan was insolvent and friendly to Potter and desired his success in the litigation. Sloan's action in satisfying the judgment was set aside by the court on the ground that it was a fraud upon Hunt. It will be noted that while Sloan

was a nominal party to the action he had taken absolutely no part in the defense of the cause, and had apparently given all the aid and comfort possible to the plaintiff in the case.

It was held in *Henry* v. *Traynor,* 42 Minn. 234, [44 N. W. 11], that the entry of satisfaction of judgment may be vacated when it operates to the disadvantage of a third party having a lien on the judgment or entitled to be protected or secured by it.

[2] In our own state there is no direct authority upon the point at issue. The nearest approach to it, aside from the case of *Haggin* v. *Clark,* 61 Cal. 1, is the provision of the Code of Civil Procedure (section 385) that in case of certain transfers of interest the action or proceeding may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action or proceeding. Under that section, if Rauer had taken an assignment from Clark upon the entry of judgment, or of the notes before judgment, the case could have proceeded under Clark's name and satisfaction by Clark would have been open to attack by Rauer; and if, as was suggested by the court of appeals of New York in the case of *McGregor* v. *Comstock,* 28 N. Y. 237, the real owner be regarded as the equitable assignee of the judgment, then we see no reason why the proceeding by motion of Rauer is not appropriate. No one is injured by this proceeding. It has been invited by the bad faith of Clark and Davis in satisfying the judgment and attempting to settle the same in fraud of the rights of Rauer.

It is argued that Davis was under no obligation to consult Rauer at all; that the assignment for collection vested legal title to the notes in Clark as assignee, which was sufficient to entitle him to recover; and that although Rauer retained an equitable interest in the claim as between him and Clark, this was no concern of Davis; and general language can be found to this effect in *Kelly* v. *Hampton,* 22 Cal. App. 68, [133 Pac. 339]; *Gradwohl* v. *Harris,* 29 Cal. 150; *Toby* v. *Oregon Pac. R. R. Co.,* 98 Cal. 490, [33 Pac. 207], and perhaps in other cases. But the general language quoted in appellant's argument to the effect that Rauer's interest was no concern of Davis cannot be fairly stretched to cover a fraud perpetrated by Davis and Clark upon Rauer. None of

these cases was decided in contemplation of such a situation, as has arisen in the case before us.

If we be correct in the conclusion reached upon the point already discussed in this opinion it is not necessary to discuss other questions raised by the parties to this appeal.

The order appealed from is affirmed.

Waste, P. J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 18, 1920, and the following opinion then rendered thereon:

THE COURT.—In denying a rehearing we deem it well to say, in order to avoid any possible misapprehension, that, as we understand the opinion of the district court of appeal, the order setting aside the satisfaction is upheld and justified because the evidence shows, as it amply does, that the satisfaction was given pursuant to an arrangement between the nominal plaintiff and the judgment debtor which was in actual fraud of the real party in interest in the judgment. We do not take the opinion as intending to decide that where a judgment debtor in good faith secures by way of settlement a satisfaction of the judgment from the nominal judgment creditor, the settlement and resulting satisfaction can be set aside upon proof merely that the judgment creditor was a nominal party only and that the judgment debtor knew that fact. The question which would be presented by such a case would be quite different from that actually presented here, and there is no necessity for expressing any opinion concerning it, and we do not understand the district court of appeal to have done so.

All the Justices concurred.