[Civ. No. 9120. Second Appellate District, Division Two.—January 16, 1935.]

GEORGE ARGUE, Appellant, v. HAZEL WILSON et al., Respondents.

David R. Faries and J. Clifford Argue for Appellant.

G. M. Cuthbertson for Respondents.

SCOTT, J., *pro tem.*—In an action instituted by plaintiff, a cross-complaint was filed against him on which judgment was recovered in the trial court. His insurance carrier gave

cross-complainants a draft for the amount of the judgment, payable upon presentation to the insurance company's office in New Orleans, Louisiana, but two days later and while the draft in due business course was in transit for presentation and before it was presented for payment a receiver took over the company's assets and payment was refused and the draft dishonored. A satisfaction of the judgment which had been delivered upon delivery of the draft and filed was thereafter on motion in the case set aside by the trial court. From this latter order cross-defendant appeals, contending that a failure of consideration was not shown, that a satisfaction of judgment cannot be vacated for failure of consideration, that there was a novation, and that a suit in equity was required to effect respondent's purpose.

On conflicting affidavits the trial court found there was a failure of consideration. This court will not interfere with the determination of that question (*Zuver* v. *General Development Co.*, 136 Cal. App. 411 [28 Pac. (2d) 939]).

It is not suggested in the affidavit filed in opposition to the motion to vacate satisfaction of judgment or elsewhere that the draft was tendered or received on any basis except that it was a valid instrument equivalent to cash upon presentation. Nor does it appear that respondents intended or agreed to substitute the faltering insurance company as judgment debtor in lieu of appellant. The authorities cited afford no support to appellant's contentions under circumstances such as appear in this case. The order setting aside the satisfaction of judgment was properly made in the immediate action in which the judgment was entered. (*Clark* v. *Johnston*, 49 Cal. App. 315, at p. 318 [193 Pac. 864].) See, also, 51 A. L. R. 244n.

Order affirmed.

Stephens, P. J., and Crail, J., concurred.