[Civ. No. 17520. Second Dist., Div. Three. May 16, 1950.]

CHARLES WHERRY, Appellant, v. GEORGE RAMBO, Respondent.

Charles Wherry, in pro. per., for Appellant.

No appearance for Respondent.

VALLÉE, J.—Appeal from an order denying a motion to vacate an entry of satisfaction of a judgment.

December 29, 1947, a judgment was entered awarding plaintiff $2,145 with interest. July 20, 1949, the then attorney for plaintiff filed with the clerk a satisfaction of the judgment. It was dated June 30, 1949, signed by plaintiff's attorney, and acknowledged by him on July 1, 1949, before a notary public. It stated that the judgment had been paid, acknowledged full satisfaction, and authorized and directed the clerk to enter full satisfaction of record in the action. July 26,

1949, the clerk made an entry on the judgment acknowledging full satisfaction.

July 30, 1949, plaintiff, appearing in propria persona, filed a notice of motion to vacate the entry. The notice stated that the motion would be made on "the ground that the said Satisfaction of Judgment was entered without said plaintiff's knowledge or consent and against his express wish, desire and instructions to his former counsel herein, Harold J. Sinclair, Esq., and upon the further ground that the same was entered because of surprise and excusable neglect as set forth in section 473 of the Code of Civil Procedure of the State of California."

In support of the motion, plaintiff filed his affidavit in which he stated: the judgment had not been satisfied by payment or otherwise; prior to a substitution of attorneys on file in the action, he was represented in the action by Attorney Harold J. Sinclair (the substitution of attorneys is not in the record, nor does the date it was filed or who was substituted appear); July 20, 1949, his former attorney (Harold J. Sinclair) signed and caused the satisfaction to be filed without his knowledge or consent and contrary to his desire and wish; he had not received any money or any consideration for the satisfaction, had not agreed to any settlement of the judgment, and had not ratified or approved the entry of the satisfaction; July 5, 1949, he forwarded, by registered mail, to the attorney who signed the satisfaction a letter in which he expressly instructed the attorney "not to settle the within matter" without his permission or consent (a copy of the letter was attached to the affidavit); he had never given any such consent to his attorney, or to anyone else; since he discovered the wrongful entry of the satisfaction, he had made many efforts to contact his said former attorney for the purpose of obtaining an explanation "relating to the said satisfaction" but had been unsuccessful; he "has no knowledge or information whatsoever as to the circumstances or conditions under which said satisfaction of judgment was entered or what consideration, if any, was paid by said defendant to plaintiff's said former counsel; that affiant has now been informed and believes and therefore alleges that said satisfaction [of] judgment was entered in fraud and for the purpose of depriving affiant of his rights under said judgment . . ." A copy of a letter dated July 26, 1949, from plaintiff to his attorney was also attached to the affidavit. The letter said that plaintiff had learned that the satisfaction had been filed on

July 20th and asked for information as to the amount the attorney had received. No counteraffidavit was filed or counter-showing made in opposition to the motion. The motion was denied. Plaintiff appeals from the order. Respondent has not filed a brief and did not appear for argument.

Plaintiff asserts that the court abused its discretion and committed reversible error in denying the motion. ■ A party to the record may have a satisfaction of a judgment entered in fraud of his rights set aside on motion in the action in which the judgment is entered. (*Clark* v. *Johnston,* 49 Cal. App. 315, 318 [193 P. 864] ; *Argue* v. *Wilson,* 3 Cal.App.2d 645, 646 [40 P.2d 297].) Code of Civil Procedure, section 283, reads: "An attorney and counselor shall have authority: 1. To bind his client in any of the steps of an action or proceeding by his agreement filed with the clerk, or entered upon the minutes of the court, and not otherwise; 2. To receive money claimed by his client in an action or proceeding during the pendency thereof, or after judgment, unless a revocation of his authority is filed, and upon the payment thereof, and not otherwise, to discharge the claim or acknowledge satisfaction of the judgment." Code of Civil Procedure section 675 provides: "Satisfaction of a judgment may be entered . . . upon an acknowledgment of satisfaction filed with the clerk . . . which may recite payment of the judgment in full or the acceptance by the judgment creditor of any lesser sum in full satisfaction thereof, made in the manner of an acknowledgment of a conveyance of real property . . . by the attorney, unless a revocation of his authority is filed."

■ It did not appear from the affidavit of plaintiff that a revocation of the authority of the attorney had been filed prior to the time the satisfaction was filed on July 20th. Appellant's attorney was, therefore, not only authorized to receive the full amount of the judgment when tendered by the defendant, but it was his duty to do so. (*Ely* v. *Liscomb,* 24 Cal.App. 224, 228 [140 P. 1086] ; 7 C.J.S. 915, § 99; 5 Am.Jur. 323, § 103.) There was no showing that the attorney for appellant accepted or received less than the full amount of the judgment. Appellant said in his affidavit that he did not know what consideration was paid by the defendant to the attorney. By virtue of section 283, the attorney had authority to receive the full amount of the judgment, "and upon the payment thereof, and not otherwise," to acknowledge satisfaction. In the absence of a showing to the contrary, it is

presumed that the attorney performed his duty and received the full amount of the judgment before causing it to be satisfied. We cannot assume on the record that the attorney violated his solemn obligation and satisfied the judgment without collecting the full amount. (See *Trope* v. *Kerns,* 83 Cal. 553, 556 [23 P. 691] ; *Church* v. *Church,* 40 Cal.App. 2d 701, 705 [105 P.2d 643].)

The statement in the affidavit, upon information and belief, that the satisfaction ''was entered in fraud and for the purpose of depriving affiant of his rights'' under the judgment is hearsay, a conclusion unsupported by any facts, and must be disregarded. (*Riviello* v. *Journeymen Barbers etc. Union,* 88 Cal.App.2d 499, 503 [199 P.2d 400] ; *Meyer* v. *Selggio,* 80 Cal.App.2d 161, 164 [181 P.2d 690].)

In view of the fact there was no showing that the attorney received less than the face amount of the judgment before filing the satisfaction, it is unnecessary to consider the authorities cited by appellant with respect to the rule applicable to that state of facts.

The court did not err in denying the motion.

Order affirmed.

Shinn, P. J., and Wood, J., concurred.