[Sac. No. 4424. In Bank.—April 5, 1930.]

H. W. MEADOWS, Respondent, v. JAMES A. SNYDER et al., Appellants.

Nutter, Hancock & Rutherford and A. P. Hayne for Appellants.

Frederic Dubovsky and E. E. Keyes for Respondent.

PRESTON, J.—After a careful reconsideration of this cause, we adopt, as the opinion of this court herein, the opinion heretofore rendered by Mr. Presiding Justice Finch of the Third Appellate District as follows:

"The plaintiff was given judgment against the defendants for the sum of $700 as the reasonable rental value of the premises in Cloverdale, Sonoma county, known as 'Dad Snyder's Inn,' for a period of seven months, commencing October 14, 1925. The defendants have appealed from the judgment.

"The answer admits that the plaintiff was the owner of the property during the seven months mentioned, that the defendants were in possession thereof during all that time and that the reasonable monthly rental value thereof was $100. Relying on such admissions, the plaintiff introduced no evidence. The facts hereinafter stated appear from the testimony of the defendants and documentary evidence concerning which there is no dispute.

"On and prior to September 9, 1920, and at all times thereafter until March 28, 1925, the defendants Spoerke and Thompson were the owners of the property mentioned, the title standing in Spoerke's name. On September 9, 1920, in like manner, they owned and held the personal property used in and in connection with the inn. On the day last mentioned they, in Spoerke's name, entered into an agreement with the defendant Snyder, by the terms of which they leased the inn to him until March 1, 1922, at a rental of $75 a month, and gave him an option to buy the property for $11,500. In the same instrument they agreed to sell the personal property to him for $3,500, $1,000 of which was to be paid in cash and the remainder in instalments. The

agreement provided that the owners might sell the premises 'at any time during said lease,' and that in the event of such a sale 'the buyer must also buy the furniture therein contained.' Snyder went into possession under the lease and he has been in the actual possession thereof continuously since such entry. March 28, 1925, Spoerke conveyed the real property to W. F. Hopkins and the latter gave his promissory note in payment of the purchase price, secured by a deed of trust covering the same property. Snyder and Hopkins executed an agreement, dated April 2, 1925, by the terms of which Snyder agreed to deliver possession of the premises to Hopkins and a bill of sale of the personal property upon his payment within 30 days of $4,000 for the personal property, Snyder to pay rental at the rate of $100 a month for the time he might remain in possession, but providing 'that in the event the said sum of $4,000 is not paid as hereinabove specified within the said period of 30 days, then and (in) that event this agreement shall become null and void, and the said party of the first part shall be relieved of the necessity of delivering up possession of the said premises or executing the said bill of sale or the payment of any rental as herein specified. Hopkins failed to make the payment provided for in the agreement and it appears that he made no attempt to carry out the terms of the agreement. It appears that he conveyed the premises to the plaintiff, because, as stated, the pleadings admit that the plaintiff became the owner thereof on October 14, 1925. The plaintiff served notice on the defendants of his purchase of the property and demanded that they pay rental at $350 a month or vacate the premises, but they did neither. Spoerke thereafter caused the premises to be sold under the terms of the trust deed. He became the purchaser at the sale and received a deed for the property May 15, 1926.

"The answer of the defendants covers 15 pages of the transcript. In addition to denials and admissions of averments of the complaint, it sets up affirmative matters as a defense and then proceeds to allege four further separate defenses. There is some uncertainty as to the particular grounds upon which the appellants rely for a reversal. In their closing brief they say:

" 'Respondent complains that we do not specify the defense we rely on. . . . The only variable quantity in the various defenses is the way in which the relation between Thompson and Spoerke on the one hand, and Snyder on the other, is pleaded. We have this pleaded in three ways: First, that the relation is that of principal and agent. Second, vendor and vendee, and third, landlord and tenant. The evidence discloses the exact relationship of the parties and shows that same was that of the vendor and vendee. Under the terms of this contract the vendee was to pay the vendor $75 each month as instalments on the purchase price.' The answer alleges that by the agreement of September 9, 1920, Snyder agreed to pay the purchase price of the real property 'in instalments of $75 each and every month,' but the agreement contains no such provision or any provision binding Snyder to purchase such property on any terms whatever. By that agreement he was given a mere option to purchase the property at the price stated therein. The answer alleged 'that on the 28th day of March, 1925, said defendant, Frederick Spoerke, conveyed said property to one W. F. Hopkins.' There is no denial of the allegation of the complaint 'that the plaintiff became the owner of the said premises on the 14th day of October, 1925.' The answer alleges that Spoerke purchased the property at the sale under the trust deed and that the property was thereupon conveyed to him and that 'the said Frederick Spoerke ever since said time has been, and still is, the owner of said property, but that the defendant W. H. Thompson ever since said day, has likewise owned an interest therein.' It thus appears that there is no basis for the claim that, during the period for which the plaintiff was allowed the rental value of the premises, Snyder was in possession thereof as the vendee of his codefendants or that they had any interest in the property other than their rights under the trust deed.

"There is nothing in the record which would warrant a finding that the defendants, or any of them, were in possession of the property as beneficiaries under the trust deed. It was not introduced in evidence and its terms were not proved. Appellants contend that such beneficiaries were in the same position as 'mortgagees in possession' and

that therefore they were liable at most for the income they received from the property. 'A "mortgagee in possession" is one who takes possession of the mortgaged land by virtue of an agreement between him and the mortgagor and in recognition of the relation between them.' (*Freeman* v. *Campbell*, 109 Cal. 360, 362 [42 Pac. 35].) No such an agreement was proved in this case. A trust deed passes the legal title, 'but it conveys no right of possession and the trustor may remain in possession, and, until the execution of the trust, may maintain an action to recover possession even when the trust deed is silent upon the subject of possession.' (*Sacramento Bank* v. *Alcorn*, 121 Cal. 379, 383 [53 Pac. 813, 814]; *Hollywood Lumber Co.* v. *Love*, 155 Cal. 270, 273 [100 Pac. 698]; *MacLeod* v. *Moran*, 153 Cal. 97, 100 [94 Pac. 604].) Under these authorities, the plaintiff was entitled to possession of the property upon the conveyance thereof to him, and the defendants are liable for the reasonable rental value thereof for the time they wrongfully retained the possession thereof. (Civ. Code, sec. 3334.)

██ "There is testimony that at the time Hopkins and Snyder executed the agreement of April 2, 1925, 'Mr. Hopkins told Mr. Snyder that he wanted him to stay in possession and keep it up in the condition it was at that time in order that he might resell the property,' but this is no justification for withholding possession from a subsequent purchaser of the property.

██ "The provision in the agreement of April 2, 1925, that in the event of Hopkins' failure to take and pay for the personal property within 30 days Snyder 'shall be relieved of . . . the payment of any rental as herein specified,' must be construed as relating to the period of time within which Hopkins was given the right to complete the purchase of the property, at the end of which time the agreement was to become 'null and void' in the event of failure to pay for the property. That provision certainly was not intended to give Snyder the continuing right to hold the property without payment of rent after the lapse of six months, when the title had passed to a stranger to the agreement.

██ "It is true, as contended by the appellants, that the trial court did not find on all the affirmative matters

set up in the answer. If findings thereon had been made, however, under the uncontradicted evidence relating to every material issue so raised, such findings must necessarily have been adverse to the defendants, and, therefore, it was not prejudicial error not to find thereon. (24 Cal. Jur. 944.)''

The judgment is affirmed.

Langdon, J., Richards, J., Seawell, J., Shenk, J., Curtis, J., and Waste, C. J., concurred.