[S. F. No. 14890. In Bank.—October 29, 1934.]

SAM SNYDER et al., Appellants, v. WESTERN LOAN & BUILDING COMPANY (a Corporation) et al., Respondents.

Gerald F. Harrington and W. L. Claiborne for Appellants.

Donahue, Hynes & Hamlin for Respondents.

THE COURT.—This cause was taken over upon petition for rehearing. In our former decision (Cal.) [29 Pac. (2d) 172] we held that a trust deed may legally include a provision authorizing the beneficiary to take possession and collect the rents and profits immediately upon default of the trustor. With that conclusion we are presently satisfied. However, in said decision we also held that none of the provisions of the trust deed here involved authorized the beneficiary to pursue such a course. We granted the rehearing solely on the latter point and upon further consideration conclude that the trust deed contains provisions sufficiently definite and comprehensive in their language to authorize the taking of possession and the collection of rents by the beneficiary.

With this introductory statement, we adopt the following portions of our former opinion, with such additions as will hereinafter appear, as and for our decision in the cause:

"Appeal by the plaintiffs from a judgment partially in their favor.

"The plaintiffs sought an accounting and a recovery from Western Loan & Building Company, which will be referred to as the defendant, of sums of money alleged to have been collected by them while they were in possession of certain real property owned by the plaintiffs.

"One Henry G. Hill and his wife owned two separate parcels of land in Oakland. One was improved by an apartment building and the other by garages for the use of tenants of the apartment house. On July 8, 1930, the Hills executed a note and deed of trust on the apartment-house property alone with the defendant as beneficiary to secure a loan of $55,000. The trust deed was duly recorded. As a part of the same transaction the Hills also executed a conditional assignment of rents which was not recorded. The latter instrument provided for an assignment of all the rents from the apartment house to the defendant Western Loan & Building Company as further security for the debt. It also vested the defendant with power to appoint an agent to take possession, manage the premises, and collect the rents for the purposes of the assignment.

"On March 16, 1931, pursuant to an exchange agreement, the Hills deeded all of the real property mentioned to the plaintiffs in exchange for real property in Utah. The deed of the Hills to the plaintiffs was duly recorded. Hill continued to operate the apartment house and garages for the plaintiffs, who resided in Coalinga, California, and to make payments under the deed of trust to the defendant. About or prior to July, 1932, the plaintiffs defaulted under the trust deed and on August 1, 1932, the defendant took possession of the apartment house by appointing Hill's manager its agent for the purpose. From that time the defendant collected the rents from the apartment house and the garages and applied them to the indebtedness under the trust deed. On November 25, 1932, the apartment house was sold pursuant to the deed of trust. The defendant made no application for a receiver, nor was one appointed.

"The present action was commenced in August, 1932, to enjoin the defendant from exercising acts of possession, for an accounting and other relief. The trial court found that the defendant was in possession and was entitled to the

possession of, and the rents from, the apartment-house property by virtue of the provisions of the deed of trust. The court also found that since August 1, 1932, the defendant had collected the sum of $210 as garage rentals to which it was not entitled. No finding was made as to the amounts received and collected as rentals of apartments, nor the amounts disbursed in the management thereof. On February 14, 1933, judgment for the plaintiffs was entered for the sum of $210.

"The ground of the plaintiffs' appeal is that the trial court erred in finding that the defendant was rightfully in possession of the apartment house, during the period between August 1, 1932, and November 25, 1932, and was entitled to retain the rents collected during that period.

"That the assignment of rentals separately executed by the then owners of the property was not recorded is not disputed and the record is that the plaintiffs had no actual knowledge of the existence of that instrument. It is apparently conceded that that instrument cannot operate as a consent to the defendant's possession as against the plaintiffs, and it is not disputed that the plaintiffs did not expressly consent to the possession by the defendant unless that consent is expressed within the terms of the deed of trust; nor is it disputed that the circumstances of the case do not show an implied consent. The issues rest on the proposition advanced by the defendant that it derived its authority to take possession and collect the rents either from the provisions of the trust deed or by the application to the present situation of the rules governing the rights of a 'mortgagee in possession'.

"At common law a mortgage of real property as security was accompanied by a transfer of the possession from the mortgagor to the mortgagee. The mortgagee's possession continued until the debt was discharged, unless otherwise expressly agreed. When by statute or otherwise a mortgage became a lien only and was no longer a conveyance, the transfer of the interest thereby acquired by the mortgagee was no longer accompanied by a change of possession. (Code Civ. Proc., sec. 744; Civ. Code, secs. 2926, 2927; 41 Cor. Jur. 608, secs. 573, 579.) There is, however, authority to support the proposition that a mortgagee, not entitled to possession in the first instance, who, at least after default,

succeeds peaceably in obtaining possession of the mortgaged premises, cannot be ousted without a tender of the amount due. This doctrine does not depend on the terms of the mortgage but is applicable by virtue of the relationship existing between the mortgagor and mortgagee. (41 Cor. Jur. 609–612, secs. 577, 580; 2 Jones on Mortgages, 8th ed., sec. 824.) In defending possession under this theory the manner of the mortgagee's entry becomes an issue. The plaintiffs here contend that the defendant obtained possession by fraud or trick and artifice, and that such an entry is unlawful. However, it becomes unnecessary to discuss that phase of the case inasmuch as it is our conclusion that the relationship among the parties, in the absence of any specific agreement, does not permit either the trustee or the beneficiary under a deed of trust to claim rights accorded to a mortgagee in possession. If the finding that the defendant was in possession by virtue of the terms of the trust deed, and therefore with the express assent given thereunder, is supported, it likewise becomes unnecessary to discuss the manner of its entry.

██ "There is no history or relationship among the parties in the case of a trust deed analogous to that existing with reference to a mortgage. The rights, duties, and obligations under the tripartite agreement depend on the powers vested in and exercised by the trustee who holds the legal title for purposes of security and without any incidental right to possession in either the trustee or the beneficiary. Furthermore, conceding that the defendant may rely on a doctrine analogous to that of a mortgagee in possession, it must accept the rules governing it established under our statutes. With the exception that under a trust deed title passes to the trustee, the characteristics and purposes of a trust deed and a mortgage as they exist in this state have been held to be similar. (*Bank of Italy* v. *Bentley*, 217 Cal. 644, 655, 657 [20 Pac. (2d) 940].) The right to possession does not pass to the trustee or the beneficiary under a trust deed in the absence of a special agreement. (*Meadows* v. *Snyder*, 209 Cal. 270 [286 Pac. 1012]; 25 Cal. Jur. 41, 42; 41 Cor. Jur. 609, sec. 575.) We must apply, therefore, the same rules as to the rights of the trustee or the beneficiary to possession of the premises as are applicable by statute in the case of a mortgagee, whose rights to pos-

session, whether before or after default, are controlled by the agreement, or the consent otherwise of the mortgagor, express or implied. (Civ. Code, sec. 2927; *Meadows* v. *Snyder, supra; Cameron* v. *Ah Quong,* 175 Cal. 377 [165 Pac. 961]; *Dutton* v. *Warschauer,* 21 Cal. 609 [82 Am. Dec. 765]; 17 Cal. Jur. 1020–1022; 1 Jones on Mortgages, 8th ed., sec. 22.) **[3]** Where a mortgagee, and likewise a trustee or beneficiary under a trust deed, wrongfully ousts the one entitled to possession, he is liable as a disseisor. (19 R. C. L. 316; *Meadows* v. *Snyder, supra.*)

■ ''Conversely it would seem to follow that the parties to a deed of trust may expressly agree with reference to their respective rights to possession, and collection of the rents and income to be applied to discharge the indebtedness. Such provisions have been upheld. (*Mines* v. *Superior Court,* 216 Cal. 776 [16 Pac. (2d) 732]; *Sacramento & Placerville R. R. Co.* v. *Superior Court,* 55 Cal. 453.) Where the lending parties or their trustees are expressly given the right to enter and take possession of the property and collect and apply the rents and income to the discharge of the indebtedness, they have the option to take such possession personally or to file a petition to have a receiver appointed to take possession. (*American Bridge Co.* v. *Heidelbach,* 94 U. S. 798 [24 L. Ed. 144].)

■ ''From the facts shown by the record in this case, it is apparent that the defendant in taking possession and retaining the rents collected by it during the period involved, was attempting to act pursuant to the terms of the unrecorded assignment of rentals. It is now faced with the necessity of justifying its act under the provisions of the deed of trust as against the plaintiffs, the grantees of the trustors. In the deed of trust, following the usual granting clauses, appears the following: 'Together also with the rents, issues, profits and income from said premises with the right at any time after default or maturity to collect the same, and to enforce this provision the trustee shall be entitled to the appointment of a receiver.' The defendant relies upon that language and upon the following language also appearing in the deed of trust: 'Should trustor fail or refuse to make any payment or do any act which he is obligated hereunder to make or do at the time and in the manner herein provided, then the trustee and/or beneficiary,

each in its sole discretion, may without notice to or demand on trustor and without releasing trustor from any obligation thereof: (1) Make or do the same in such manner and to such extent as it may deem necessary to protect the security of this deed of trust, either trustee or beneficiary being authorized to enter upon and take possession of said property for such purposes.' ''

In our opinion the provisions of the trust deed when construed as a whole, and particularly the quoted provisions, grant to the beneficiary, in the event of default, the right to take possession and collect the rents. It necessarily follows that the trial court's finding that the defendant was in possession pursuant to the provisions of the trust deed is amply supported and the defendant is therefore entitled to retain as against the plaintiffs the apartment rentals collected by it during the period involved.

The judgment is affirmed.

Rehearing denied.