[Civ. No. 22393. First Dist., Div. Two. May 31, 1966.]

SANTACROCE BROS. et al., Plaintiffs and Respondents, v. EDGEWATER-SANTA CLARA, INC., Defendant and Appellant.

Field, DeGoff & Rieman and Sidney F. DeGoff for Defendant and Appellant.

Everett P. Rowe for Plaintiffs and Respondents.

AGEE, J.—Plaintiffs are the owners of a promissory note executed by defendant corporation and secured by a third deed of trust on real property improved by a 72-room motel. Defendant failed to make payments due under said note for the months of February, March, April, May and June 1964. Defendant was also in default under the first and second deeds of trust.

On June 8, 1964 plaintiffs filed and recorded a notice of default under their third deed of trust. (Civ. Code, § 2924.) On June 30, 1964 plaintiffs filed the within action, seeking specific performance of paragraph 5[1] of their deed of trust and praying that a receiver be appointed to enforce its provisions.

Pursuant to plaintiffs' ex parte application on said June 30, the court appointed a receiver with power to take possession of the property and to operate the business of the motel, including the collection of rents. At the same time, the court issued an order to show cause why such appointment should not be confirmed. Defendant countered with a written motion to vacate the appointment.

---

[1]Paragraph 5 provides: "As additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same less cost and expenses of operation and collection, including reasonable attorneys' fees, upon any indebtedness secured hereby and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice."

On July 17, 1964, the court made its order confirming the appointment and denying the motion to vacate. Defendant has appealed from this order.

We have no doubt as to the right of the court in the present situation to appoint a receiver to enter upon and take possession of the subject property for the purpose of collecting the rents thereafter accruing thereon. (*Snyder* v. *Western Loan & Bldg. Co.*, 1 Cal.2d 697, 702-703 [37 P.2d 86]; *Title Guarantee & Trust Co.* v. *Monson*, 11 Cal.2d 621, 627 [81 P.2d 944]; *Kinnison* v. *Guaranty Liquidating Corp.*, 18 Cal.2d 256, 261 [115 P.2d 450].)

These cases do not directly involve the appointment of a receiver. However, in a situation such as that now before us, a court-appointed receiver should not be in any less favorable legal position than the beneficiary under a deed of trust.

In *Snyder, supra,* the deed of trust provided that in the event of default "the trustee shall be entitled to the appointment of a receiver." Another clause provided that, "to protect the security of this deed of trust, either trustee or beneficiary being authorized to enter upon and take possession of said property for such purposes."

The beneficiary under the deed of trust took possession of the subject apartment house by appointing the current manager thereof as its agent. The Supreme Court stated: "In our opinion the provisions of the trust deed when construed as a whole, and particularly the quoted provisions, grant to the beneficiary, in the event of default, the right to take possession and collect the rents." (1 Cal.2d, at p. 703.)

In *Monson, supra,* the court stated: "Within, and as a part of the deed of trust, the parties thereto had the right to insert any lawful conditions as a part of the consideration for the creation of the debt for which the property was hypothecated, and therein, upon default in payment, to invest in the plaintiff [beneficiary] not only the right of possession, but also the right to the rentals." (11 Cal.2d, at p. 627.)

In *Kinnison, supra,* the court stated: "Where the mortgage or deed of trust contains a clause which merely includes the rents as a portion of the property pledged to secure the debt, courts have generally held that the mortgagee acquires only a security interest and has no more right to the rents than he has to the real property. In such circumstances it is well settled that the mortgagee must actually acquire possession of the mortgaged property by consent or lawful procedure or

must secure the *appointment of a receiver* in order to perfect his claim to the rents.[2] [Numerous citations.]" (Italics added.)

The effect of Code of Civil Procedure section 744 on the issue herein is discussed in *Kinnison, supra*. This section provides as follows: "A mortgage of real property shall not be deemed a conveyance, whatever its terms, so as to enable the owner of the mortgage to recover possession of the real property without a foreclosure and sale."

After citing section 744 as authority for the proposition that "the mortgagor is entitled to possession of the mortgaged property," the court states: "No distinction is to be made in this regard between mortgages and deeds of trust; the possessory rights of trustors have been held to be the same as those of mortgagors." (18 Cal.2d, at p. 260.)

Then the court goes on to state: "It has been recognized, however, that the possessory rights of the mortgagor or trustor during the period of the mortgage or deed of trust may be the subject of a special agreement between the mortgagor and mortgagee or between the trustor and trustee. [Citing, *inter alia, Snyder, supra*, and *Monson, supra*.] Provisions granting to the mortgagee the right to collect the rents in the event of default are often incorporated in the terms of the mortgage or deed of trust, and they are sometimes the subject of an independent contract between the parties. [Citations.]" (Such an agreement or contract is expressly authorized by Civil Code section 2927; see also *Snyder, supra*, 1 Cal.2d, at p. 702.)

The "special agreement" in the instant case is, as we have seen, contained in paragraph 5 of the deed of trust and the relief sought in plaintiffs' complaint is confined to the specific performance of its provisions.

We point this out because plaintiffs are now, on appeal, suggesting that the scope of the order which was made can be justified under the broad provisions of Code of Civil Procedure section 564, subdivision 7,[3] citing *McLane* v. *Placerville*

---

[2]*Malsman* v. *Brandler*, 230 Cal.App.2d 922 [41 Cal.Rptr. 438], so construes an assignment of rents clause in a deed of trust, which clause is almost identical to that involved in the instant case; we agree with the holding therein, which is worded as follows: "Hence we conclude that the defendants [owners] were entitled to retain the rents collected before the beneficiary took possession by the appointment of a receiver."

[3]This portion of section 564 provides that "[a] receiver may be appointed, . . . 7. In all other cases where receivers have heretofore been appointed by the usages of courts of equity."

*& Sacramento V. R.R. Co.,* 66 Cal. 606, 615 [6 P. 748].

In his declaration in support of the application for the order, plaintiffs' counsel states that "the substance of the within action is to specifically enforce the provisions of the Deed of Trust executed by the defendants herein in the appointment of a Receiver . . ." Only paragraph 5 pertains to the appointment of a receiver. Furthermore, when applying to the lower court for the order, the only authorities cited in support of the application were the *Snyder* and *Monson* cases, *supra.* It is evident from the record that plaintiffs' cause of action is based entirely upon the provisions of paragraph 5 and not upon the provisions of section 564.

■ As stated in *Monson, supra*: "Obviously, upon default, plaintiff's right to the rentals was not dependent upon any statutory right to such as is contemplated by the provisions of section 564, Code of Civil Procedure, . . . But the right asserted here is dependent solely upon the express agreement of the trustors that upon default, recourse may be had to such rentals by the beneficiary." (11 Cal.2d, at p. 625.)

Turning now to paragraph 5, only the second sentence thereof is pertinent herein. It is worded as follows:

"Upon any such default [in payment by trustor], Beneficiary may at any time without notice, either in person, by agent, or by a *receiver to be appointed by a court,* . . . enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise *collect such rents,* issues and profits, including those past due and unpaid, and *apply the same less costs and expenses of operation and collection,* including reasonable attorneys' fees, upon any indebtedness secured hereby and in such order as Beneficiary may determine." (Italics ours.)

At oral argument counsel for appellant stated that his client had lost the subject real property by foreclousre sale but that the issues as to the right to the furniture on the premises and the money on hand or in bank at the time of the appointment of the receiver remained in dispute.

There is no issue before us as to the furniture and the record makes no reference thereto. All that appears is the following volunteered statement in the appellant's opening brief: "The motel furniture is subject to a chattel mortgage from defendant to the San Francisco National Bank (now itself under the receivership of the Federal Deposit Insurance Corporation)."

The bank is not a party to this action nor does the order appealed from refer to or purport to make any disposition of any of the furniture. Its status is unaffected by our decision herein.

However, the order does by its terms direct and empower the receiver to seize all money which appellant had on hand or in bank accounts at the time of his appointment.[4] This portion of the order was improper and should be stricken. (*Malsman* v. *Brandler, supra.*)

As so modified, the order confirming the ex parte appointment of a receiver is affirmed. The parties are to bear their own respective costs on appeal.

The purported appeal from the ex parte order appointing a receiver is nonappealable and is hereby dismissed. (*Sachs* v. *Killeen,* 165 Cal.App.2d 205, 215 [331 P.2d 735].)

Shoemaker, P. J., and Taylor, J., concurred.

---

[4]This paragraph reads as follows:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Receiver be and he is hereby empowered and directed to demand and receive all moneys accrued or now held by persons in possession of said property and also records, bank accounts, books of account, ledgers and all documents and papers pertaining to the operation of said motel property: and any person having possession of said accounts, records, papers or moneys are directed to immediately turn the same over to said Receiver."