HARRIS v. LESSTER et al.

(Supreme Court, Appellate Division, First Department. December 9, 1898.)

1. MORTGAGES—ASSIGNMENT OF RENTS—PRIORITY—RES JUDICATA.
In an action to foreclose a second mortgage, the complaint in which merely sought to cut off the mortgagor's equity of redemption, and to satisfy the mortgage by a sale of the premises, L., the first mortgagee, who also had an assignment of $200 of the rents for each month till the amount of his mortgage debt was paid, was made a defendant, and without notice to him a receiver was appointed, who was directed to pay over the rents to plaintiff. It being held, on motion of L. to have the rents paid over to him, that it could not be granted till the order appointing the receiver was reversed, vacated, or modified, he moved to vacate or modify it; and on his appeal from the order denying such motion the order was modified by directing the receiver to retain the rents. *Held*, that neither these orders nor judgment of foreclosure and sale adjudicated against the rights of L. to the rents collected by the receiver, so as to prevent consideration of his motion for payment of the fund to him.

2. SAME—PRIORITIES.
A first mortgagee, to whom there is assigned $200 of the rents of each month till his mortgage debt is paid, has, under such assignment, a claim to the rents prior to the second mortgagee, though the second mortgage was executed before the assignment, and the assignment was not recorded or known by the second mortgagee.

3. AFFIDAVITS—INFORMATION AND BELIEF—EVIDENCE.
As against the positive affidavit of defendant, on motion for payment of money in the hands of the receiver, as to what was due him, the denial in plaintiff's affidavit, on information and belief, the sources and grounds of which are not given, can have no weight.

Ingraham, J., dissenting.

Appeal from special term, New York county.

Action by Mary Harris against William C. Lesster, impleaded with others. From an order denying motion for payment of money in the hands of a receiver to said defendant, he appeals. Reversed.

The action was brought by Mary Harris to foreclose a mortgage, and the appellant Lesster was made a co-defendant, against whom no personal claim was made. Lesster held a prior mortgage of $1,284, and an assignment of $200 of the monthly rents, some of which had been collected and paid to him before the suit was brought; thus reducing his mortgage to $773.38. On application in foreclosure proceedings on the plaintiff's mortgage, a receiver was appointed, who was directed to pay over the rents from the property to the plaintiff. The receiver was appointed without notice to Lesster, who thereafter, however, made a motion to have the rents paid over to him. The motion was opposed by the plaintiff on the grounds that the order appointing the receiver directed that the rents be paid to the plaintiff, and it was held that the defendant's motion could not be granted until the order appointing the receiver was reversed, vacated, or modified. Lesster then made a motion to vacate or modify the order appointing the receiver, which motion was denied. In the opinion on appeal (Harris v. Taylor, 22 App. Div. 109, 47 N. Y. Supp. 913) it was said: "The court should have granted the motion so far as to direct the receiver to retain the rents. * * * The order appointing the receiver should be modified by striking out the provision requiring him to pay the rents over to the respondent." The order appealed from was modified accordingly. Subsequently the receiver made application to settle his accounts, and on that motion Lesster asked to have his claim paid, but his request was denied, and the settlement of the accounts and the amount due the plaintiff were sent to a referee. These matters were disposed of on the

reference, the referee's reports were submitted, and an application was made by the plaintiff to confirm them. When the motion came on to be heard, Lesster consented in open court, as appears by the recitals in the order, to the confirmation so far as the subjects mentioned were concerned, but made objection to the payment of the funds to the plaintiff; and it was ordered that the distribution of the funds should be reserved, and a special motion made. Thereafter, on the claim that Lesster had filed certain objections to the receiver's accounts, which objections had been overlooked, the accounts were referred back to the referee, who subsequently reported again as he had in the first instance. The plaintiff then moved for the payment of the fund to her, and a similar motion was made by Lesster for payment to him of a portion of the rents collected. Both motions came on and were argued together, the plaintiff's being granted and Lesster's denied, and it is from this decision that the present appeal is taken.

Argued before BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

J. Baldwin Hands, for appellant.
William H. Harris, for respondent.

O'BRIEN, J.   Lesster was not a necessary party in the suit brought to foreclose the plaintiff's mortgage (Bank v. Goldman, 75 N. Y. 127), and his presence as a co-defendant has made much confusion, and has presented difficulties with which the several judges below have been obliged to contend in the course of this litigation.   As a co-defendant, he endeavored to have his rights determined in plaintiff's suit, instead of resorting to independent action.   The receiver having been appointed without notice to him, and having collected the rents, Lesster, down to the time of the accounting, sought to compel payment of his claim by several summary applications.   Lesster has been at a disadvantage because of a confusion which seems to have arisen in the minds of the judges below as well as of the plaintiff's attorney, resulting from a failure to apprehend the decision of this court upon the former appeal. On the previous appeal we were not called upon to decide, and did not decide, the merits of the conflicting claims to the fund as between the plaintiff and Lesster.   The question before us was the proper form of an order directing a receiver in foreclosure proceedings, and we held that the provision in that order, which directed payment to the plaintiff, should be stricken out, and the rents collected should remain in the hands of the receiver.   The question of the respective rights to the fund not being before us, that determination was left open for such further application as either party might be advised to take in order to present the matter for decision.   The respondent strenuously insists that the failure of Lesster to appeal from the several orders denying his request for payment out of the rents collected by the receiver is fatal to his right to have the question presented on this appeal; but in none of Lesster's previous applications had the merits been passed upon, or his rights determined, and it was only upon the motions made subsequent to the confirmation of the referee's report that such merits were determined, and his claim denied.   From the order thereupon entered this appeal was taken.

It is true that Lesster, proceeding on the theory, possibly, that he was not concerned with the accounting, the merits of his claim not being

there in issue, but that he was entitled as a matter of right to receive the amount due him from the rents collected, made several applications, as the respondent says, for payment from the money in the hands of the receiver. These applications were correctly disposed of by the court below, for the reason, though not stated, that they were premature, and that it was proper, in the first place, that the amount of the fund ready for distribution, and also the amount of the plaintiff's claim, should be ascertained after the sale of the property, and then, upon motion for distribution, the rights to the fund could be determined. This question was finally presented by separate motions, which were argued together, and from the order thereupon made Lesster brought this appeal. We think, therefore, that the question is properly before us for review, as to what are the respective rights of the claimants to the fund which consists of the rents collected by the receiver. We are thus brought to a consideration of the title acquired by Lesster under his assignment of rents, and the rights acquired by the plaintiff by virtue of the appointment of the receiver. The validity of Lesster's assignment is not questioned, and it purports to "assign and transfer * * * the sum of $200 of the rents collected for each month until the said sum of $1,284, with interest, has been fully paid." Such payment, it appears, was being made without objection, and the debt thereby had been reduced to $773.38, when the receiver appointed on foreclosure of the plaintiff's mortgage, without notice to Lesster, took possession of the premises, and collected all rents. We think that Lesster's right to the rents is plainly superior to the plaintiff's. It is immaterial whether or not the plaintiff's mortgage was executed prior to Lesster's assignment. Even if that were so, it did not give the plaintiff a lien upon the rents. She obtained no right thereto until the appointment of the receiver (Ranney v. Peyser, 83 N. Y. 1); and this was long after the execution of the assignment. The plaintiff relies upon the rule that a prior mortgagee obtains no right to the rents of the premises as against the receiver for a junior mortgagee. Ranney v. Peyser, supra. There can be no doubt that such is the rule, but it has no application here. The appellant does not base his right to the rents upon the prior mortgage, but upon his assignment, which conferred upon him an unquestionable right as against the subsequent receivership. It is said that the assignment is a secondary security, to be resorted to only in case the proceeds of sale of the mortgaged premises should prove insufficient, and that there is no proof on this head. There is nothing in the assignment to warrant such a construction. It purports to be an absolute, primary security for the debt, and was so treated prior to the appointment of the receiver. The description of it in the appellant's affidavits as a "further security" is perfectly compatible with this construction. It was a "further" security, but not a "secondary" one.

Finally, there is a denial in the plaintiff's affidavits as to the amount due the appellant. This denial is upon information and belief, and the sources of information and grounds of belief are not given. It can have no weight as against the appellant's positive affidavit as to what is still due him. We think that the order should be reversed and the

motion made by Lesster for the payment of $773.38 from the funds in the hands of the receiver should be granted, with $10 costs in the court below, and with costs of this appeal.

RUMSEY, J., concurs.

Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs.

BARRETT, J. I agree with Justice O'BRIEN. The view taken by the plaintiff of the assignment of the rents to Lesster is erroneous. That assignment was not within the recording act. It in no wise affected the title to the land, nor was it a lien or incumbrance thereon. Neither the plaintiff nor Lesster acquired any right to the rents under their mortgages. The rents belonged to the mortgagor as incident to his ownership of the land. They were, in fact, personalty. He could, at any time before he was devested of his title, dispose of these rents as he pleased. And he did so dispose of them to Lesster by the assignment in question. It was under this assignment, and not under his mortgage, treated independently, that Lesster became entitled to these rents. As the person thus entitled,—under the assignment,—Lesster was neither a necessary nor a proper party defendant. The complaint in the action simply sought to cut off the mortgagor's equity of redemption, and to satisfy the plaintiff's mortgage by a sale of the premises. It asserted no right to the rents. It contained no allegation, and demanded no judgment with respect to them. No personal claim was made against Lesster. No issue was possible, therefore, upon the subject. Had Lesster, in his answer, set up his assignment, it would have been stricken out as irrelevant. It is difficult to understand, therefore, upon what principle the respondent contends that the judgment was conclusive that the plaintiff's mortgage was superior to Lesster's assignment. That judgment had, in fact, no legal relation to the rents. It is true that in such an action the rents can be incidentally sequestered for the plaintiff's benefit upon proof of the inadequacy of the security. Primarily, they can only be so sequestered, however, as against the mortgagor. To sequester them as against the mortgagor's assignee thereof, the plaintiff would have to show something more than inadequacy. She would have, upon proper allegations and proofs, to overturn the assignment. And certainly she could not do this without giving the assignee notice of her application. The receiver here was appointed ex parte. There was, consequently, no adjudication in the plaintiff's favor as against Lesster's assignment, and the receiver necessarily took the rents subject to the latter's rights. The true effect of the orders subsequently made, here and below, was that the receiver should collect the rents, and retain them for the benefit of whoever might ultimately be deemed entitled to them. He was not, in the meantime, to pay them over either to the plaintiff or to Lesster. The court never intended to use its power through its officer to take away a person's property without due process of law. The time has now come for a definite decision upon the subject. That decision should clearly be in Lesster's favor. The plaintiff, as we have seen, acquired no right to these rents by her

868 54 NEW YORK SUPPLEMENT (Sup. Ct.
and 88 New York State Reporter.

judgment of foreclosure and sale. She acquired none as against Lesster by the appointment of the receiver pendente lite, for the reason,. as already observed, that she gave Lesster no notice of her application therefor. She certainly could not pass his assignment by unnoticed, and proceed to sequestrate the rents for her own benefit, to the true owner's exclusion. The question, then, is, has anything been shown upon the present application which militates against Lesster's assignment? We find nothing whatever tending to invalidate the instrument, or render it ineffective. It stands unquestioned, and it adequately confers upon Lesster just what it purports to confer. Whether the plaintiff had knowledge of it or not when she took her mortgage is quite immaterial. The extraneous understanding or lack of understanding is equally immaterial. She took what that mortgage gave her, and no more, and Lesster took what his assignment gave him, and no less. The court should now direct its officer to pay the moneys in his hands, as both law and equity demand. I agree, therefore, to the reversal of the order, and to a direction to the receiver, as indicated by Mr. Justice O'BRIEN.

INGRAHAM, J. (dissenting). I think this motion was properly denied. The defendant Lesster was a proper party defendant to this action, which was to foreclose a junior mortgage upon certain real property. At the time of the commencement of the action to foreclose, Lesster was collecting the rents of the property under an agreement not recorded, which, in effect, assigned the rents to Lesster, and authorized him to retain thereof $200 per month, to be received on account of a prior mortgage held by him upon the property. Lesster was not a proper party as holder of a prior mortgage, but was a proper party as being entitled to receive a portion of the rents under his unrecorded agreement with the mortgagor, and under which he was collecting the rents of the property. That agreement was unrecorded; and, unless the plaintiff had actual knowledge of its existence upon the record of her mortgage, under the recording acts, her mortgage took priority over Lesster's agreement, and that agreement was subject to it. When the action was brought, Lesster, being in possession of the property, was, as before stated, a proper party. Upon the motion of the plaintiff, the court appointed a receiver of the mortgaged premises pending final judgment in this action. That order contained a provision, that the receiver should pay the rents collected to the plaintiff. Lesster moved to vacate that order appointing a receiver, it having been made without notice to him; and, upon that motion being denied, appealed to this court, where the order appointing the receiver was affirmed; but the provision directing the payment of the rent to the plaintiff was stricken out upon the ground that such a direction could only be given when it appeared that there was a deficiency upon the sale of the property under the judgment of foreclosure, and then only to the extent of such deficiency. The action proceeded to judgment, and upon a sale of the property a deficiency was found due to the plaintiff of $545.55, with interest from the 24th day of June, 1897. Whether or not this agreement, under which Lesster was in possession of the premises, and collecting the rents, was an incumbrance up-

on the property prior to the plaintiff's mortgage, was to be disposed of in the foreclosure suit; and a judgment in that action against Lesster was conclusive that the plaintiff's mortgage was superior to the agreement under which Lesster was collecting the rents of the premises.   By the appointment of the receiver on the motion of the plaintiff in this action, the rents of the premises accruing during the pendency of the action were sequestrated to protect the plaintiff against any loss in consequence of there being a deficiency in the amount that the property realized upon a sale to pay the amount due upon the mortgage.   The receiver was not appointed for the benefit of the defendant Lesster as a junior incumbrancer, or of the parties who held prior mortgages, but to protect the plaintiff's mortgage; and, as the judgment of foreclosure in this action is an adjudication that Lesster's agreement was subject to the plaintiff's mortgage, I can see no principle upon which Lesster was entitled to this fund sequestrated by the appointment of a receiver for the protection of the plaintiff to satisfy his subsequent incumbrance.   If this agreement of Lesster was made under the circumstances detailed by him in his affidavit, with the understanding between the plaintiff and the mortgagor and Lesster that it should be superior to the plaintiff's mortgage, or if plaintiff had knowledge of the agreement and the understanding under which it was executed at the time she received her mortgage and recorded it, plaintiff's mortgage would then be subject to the agreement between the mortgagor and Lesster.   The plaintiff, however, denies the existence of such understanding, or that she had any knowledge of the Lesster agreement when the mortgage was delivered to her and was recorded; and there has been no adjudication upon that question of fact, unless the court below, by denying Lesster's motion, has adjudicated it against Lesster.   But, as before stated, I think the judgment in this action under which Lesster's interest, whatever it was, in the property under this agreement, was sold by the referee, was an adjudication that this interest of Lesster under the agreement was subordinate to the plaintiff's mortgage.   And, it being subordinate to the plaintiff's mortgage, as between plaintiff and Lesster, Lesster could have no right to the rents collected by the receiver, and which, by the order appointing the receiver, had been sequestrated for the protection of the plaintiff's mortgage.   For this reason I think the order appealed from should be affirmed.