[Civ. No. 3757. First Appellate District, Division One.—April 29, 1921.]

MILTON A. NATHAN, Respondent, v. H. M. O'DONNELL et al., Appellants.

[1] ATTACHMENT—FUNDS COLLECTED FOR TRANSPORTATION OF DELEGATES —LIABILITY FOR PERSONAL DEBT OF COLLECTOR.—One appointed chairman of a committee of arrangements for the transportation of delegates to a national convention has no title to money collected by him from the delegates for transportation, and it is not subject to an attachment for a personal debt of such chairman, although deposited in his own personal banking account as a matter of convenience.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Frank J. Murasky, Judge. Affirmed.

The facts are stated in the opinion of the court.

Glensor, Clewe & Van Dine, Aitken, Glensor, Clewe & Van Dine and John T. Williams for Appellants.

Milton Nathan and John D. Rutledge for Respondent.

KERRIGAN, J.—This action was brought by plaintiff to recover a certain sum of money held under attachment. Plaintiff recovered judgment, and defendants appeal.

The facts are as follows: In August, 1918, plaintiff, as the California department commander of the United Spanish War Veterans, appointed one John H. Simmons chairman of a committee for the purpose of arranging transportation for the California delegates to the national meeting of that organization to be held in Baltimore, Maryland. As such chairman Simmons collected from seven delegates the sum of $538.67 to cover the cost of railroad and Pullman tickets to be purchased by him entitling these delegates to transportation from San Francisco to Baltimore. The money so collected was deposited by Simmons in his personal account with the Bank of California National Association in San Francisco. Immediately thereafter Simmons purchased the tickets from the Southern Pacific Company, giving in payment thereof seven checks drawn upon said bank, the aggregate amount of which was the precise sum he had collected, viz., $538.67. Two days thereafter, and before these checks were presented to the bank for payment, defendant O'Donnell commenced an action against Simmons, in which an attachment was issued, pursuant to which defendant Finn, as sheriff, garnisheed all sums in the Bank of California standing in the name of Simmons. Thereafter the checks were presented by the railroad company for payment, but by reason of the garnishment the bank refused to honor the same. The railroad company thereupon notified Simmons that the tickets would be canceled. These facts were immediately reported by Simmons to plaintiff, who, to remedy this urgent situation, voluntarily drew a check on his personal account with the First National Bank in favor of the Bank of California for $538.67 and sent it to the latter, with the statement that the remittance was made for the express purpose of having the bank meet and honor the above-mentioned checks drawn by Simmons in favor of the railroad company, and this arrangement was carried out. Plaintiff thereafter took assignments from Simmons and from each of the persons who had paid Simmons for transportation of their interest in such sums and thereupon in-

stituted this action against the bank to recover the amount. The bank paid the sum in dispute under order of the court to the Savings Union Bank to be held by it as a savings account subject to the order of the court; the Bank of California was discharged from further liability, and Thomas F. Finn, as sheriff, was substituted in its place and stead as defendant.

In support of their appeal from the judgment in plaintiff's favor defendants have furnished us with an elaborate argument to the effect that plaintiff never acquired an equitable assignment to the fund in question or ever acquired any rights thereto under the principles of subrogation, their claim being that he is a mere stranger and intermeddler who has no interest in the fund whatever.

We do not so consider him. Plaintiff having appointed Simmons to collect the funds, he undoubtedly concluded that he was under a moral obligation to relieve the situation. Under such circumstances he cannot be said to be an intermeddler. (37 Cyc. 371.)

[1] Irrespective of this question, however, from a mere reading of the facts it is manifestly apparent that Simmons had no title whatever to the fund that was sought to be subjected to the attachment. Whatever relation he bore to the parties who had intrusted him with the funds for the indicated purpose, whether as trustee, bailee, or agent, is a matter of no consequence, for certain it is that he had no such title in the fund as would subject it to attachment proceedings instituted by strangers to the arrangement. The transaction shows that his position was little different, if any, from that of a mere messenger intrusted with funds to make a particular purchase.

The fact that the money so collected was by him deposited in his bank as a matter of convenience in no manner alters the situation, for the money did not belong to him when attached.

The judgment is affirmed.

Richards, J., and Waste, P. J., concurred.

A petition to have the cause heard in the supreme court after judgment in the district court of appeal, was denied by the supreme court on June 27, 1921.

All the Justices concurred.