GRANNIS-BLAIR AUDIT CO. *v.* MADDUX *et al.*

(*Nashville,* December Term, 1933.)

Opinion filed March 10, 1934.

298

JOHN BARKSDALE and SEAY, STOCKELL & EDWARDS, all of Nashville, for appellant.

FYKE FARMER and BASS, BERRY & SIMS, all of Nashville, for appellees.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

December 19, 1932, an execution was levied by garnishment upon Allen-Hall Realty Company to satisfy a judgment of Grannis-Blair Audit Company against Frank G. Maddux and W. R. Maddux.

The garnishee answered that, as rental agent for the estate of G. A. Maddux, it had collected rents on real estate in which each of the two judgment debtors owned one-fourth interest; that when the garnishment was served it had on hand $300 of undistributed rents from which $75.24 was payable to Frank G. Maddux and the same sum to W. R. Maddux, which the Nashville & American Trust Company, as mortgagee, claimed under their deed of trust, given by Frank G. and W. R. Maddux to secure a debt of $6,000. The mortgagee's claim to the rents rests on the following provisions of the deed of trust:

"As additional collateral security for the payment of the indebtedness hereby secured said party of the first part hereby assigns to the party of the second part all rights, royalties, rents and benefits accruing under all oil, gas, mineral, agricultural or other leases on said real estate, this assignment to terminate and become void upon the release of this Deed of Trust. . . .

"The party of the first part is to retain possession of the property herein conveyed, and is to receive and use the rents, issues and profits therefrom until default in the payment of the interest or principal or any taxes or assessments, when the same shall become due as aforesaid, or until other default under the terms of this deed of trust is made; but from and after any such default the rents, issues and profits shall be due and payable to the Trustee or beneficiary; if either makes demand for same. And, in the event of any such default, the party of the third part, or its assigns, in addition to the power of sale hereinbefore provided, shall have the right to proceed in a court of equity to foreclose this deed of trust and shall be entitled to the appointment of a receiver to collect the rents, issues or profits pending such suit."

October 5, 1932, the mortgagee notified Allen-Hall Realty Company that the mortgagors were in default and demanded payment of the rents under the foregoing provisions of the deed of trust.

The trial judge held the rents subject to garnishment and Allen-Hall Realty Company, the garnishee, appealed and insists that the claim of the mortgagee, after default of the mortgagors, and demand, is superior to that of Grannis-Blair Audit Company, the levying creditor.

█ The general rule relied on for appellee is that, so long as mortgagors are permitted to remain in possession, they are entitled to the rents, but, in view of the explicit provision in the trust mortgage before us giving to the trustee the right to the rents upon default in the payment of interest or principal of the debt, upon making demand therefor, neither entry, nor foreclosure proceedings, was a necessary prerequisite, this agreement taking the case out of the general rule. An exception to the general rule is recognized in *Schoolfield* v. *Cogdell,* 120 Tenn., 618, 113 S. W., 375, wherever from language in the instrument an intention appears to permit the trustee to collect the rents. See bottom of page 638 of 120 Tenn., 113 S. W., 380. That disposition of the rents may be controlled by stipulation of the parties to the instrument is expressly recognized by GREEN, C. J., in *Bank of Commerce & Trust Co.* v. *City of Memphis,* 155 Tenn., 63, 67, 290 S. W., 990. And in *Schmid* v. *Baum's Home of Flowers,* 162 Tenn., 439, 457, 37 S. W. (2d), 105, 111, 75 A. L. R., 261, SWIGGART, J., thus stated this exception to the general rule: ''But this right to reach income or rents prior to default may be controlled by contract and stipulation of the parties.'' If ''prior to default,'' then certainly rents subsequent to default may be so controlled, as was done here. And 41 C. J., p. 629, lays down the rule that it is competent for the parties to stipulate for payment of rents upon default and before entry.

█ As to the sufficiency of the demand, challenged because made on the rental agency in charge of the property, and not directly on the tenants, we are of opinion that the notice to the agency was sufficient. In Jones on Mortgages, section 980, p. 366, vol. II (8 Ed.), it is said:

''Where the mortgagor has appointed an agent to re-

ceive the rents of the mortgaged estate, a notice to him by the mortgagee to pay the rents when collected to himself, is a termination of the mortgagor's tenancy at will, and the agent will hold the rents subsequently accruing as Trustee of the mortgagee.'' See *Crosby* v. *Harlow*, 21 Me., 499, 38 Am. Dec., 276; *Pope* v. *Biggs*, 9 Barnewall & Cresswell, 245 (Eng. Com. Law Reps.); *Waddilove* v. *Barnett*, 132 Eng. Rep. Reprint, 210, 2 Bingham (new cases), 538.

██ Moreover, it should be borne in mind that this is a garnishment proceeding, and that the test of the right of this garnishing creditor to judgment against this rental agency is whether or not the mortgagor could recover by suit from this agency this money after—following default—demand had been made therefor on the agency by the trustee. Doubt must be resolved in favor of the garnishee under the rule. See recent opinion in *J. C. Mahan Motor Co.* v. *M. C. Lyle*, 167 Tenn., 193, 67 S. W. (2d), 745, in which our cases are reviewed. It results that the decree of the chancellor must be reversed and the garnishment dismissed.