[Civ. No. S. C. 4. Second Appellate District, Division One.—January 14, 1937.]

POMONA MUTUAL BUILDING AND LOAN ASSOCIATION (a Corporation), Appellant, v. RAY C. SMITH et al., Defendants; LANE W. PERRY, Respondent.

Allard, Stead & Whyte, Allard & Whyte and Charles R. Stead for Appellant.

Major McGregor and Merwyn S. McGregor for Respondent.

SHINN, J., *pro tem.*—Plaintiff brought this action as beneficiary under a trust deed of real property given to secure the payment of a promissory note in favor of plaintiff and after default in interest payments, which default matured the principal of the note.

The complaint sought relief by injunction to prevent defendants from collecting rents of the property and for their collection by means of a receivership. Plaintiff applied for the appointment of a receiver but the application was not ruled on by the court. It was alleged in the complaint that on the same day that the note and trust deed were given, the maker thereof, defendant Josephine B. Needham, made a written assignment to plaintiff of the rents of the real property and that her grantee, Lane W. Perry, had taken title to the real property with notice of the assignment and that he was collecting rents in violation of the agreement. Pending trial of the action plaintiff collected certain rents for which defendant Perry sought and recovered judgment on his cross-complaint, which judgment ordered the return to Perry of rents collected by plaintiff up to the date when plaintiff acquired title to the property by foreclosure of the deed of trust.

Plaintiff's appeal presents the sole question whether it was entitled to retain the rentals so collected. This question depends, first, upon a construction of the provisions of the deed of trust, and, second, upon the effectiveness of the assignment of rentals as against defendant Perry, that is to say, whether as a purchaser of the property he was bound by the agreement made by his grantor.

By the terms of the trust deed the trustor, Josephine B. Needham, was required to make certain payments therein enumerated, namely, taxes, assessments, liens and encumbrances upon the property, premiums upon insurance policies which she was required to take out and keep in force, and she was required to complete in a good and workmanlike manner any building which might be constructed on the property and to pay when due all claims for labor performed and materials furnished therefor, using any funds advanced by plaintiff, for the purpose of erecting a building, in making payment of such claims for labor and material. The trustor further agreed to pay all assessments on stock of plaintiff association owned by her. Following these provisions and other usual terms of a trust deed, the indenture provided as follows: "Should the Trustor fail or refuse to make any payment or do any act, which he is obligated hereunder to make or do, at the time and in the manner herein provided, then the Trustees and/or the Beneficiary, each in his sole discretion, may, without notice to or demand upon the Trus-

tor and without releasing the Trustor from any obligation hereof, make or do the same in such manner and to such extent as may be deemed necessary to protect the security of this Deed of Trust either the Trustees or the Beneficiary being authorized to enter upon said property for such purposes, and in case the said property is vacated or abandoned the said Trustees or Beneficiary may, in their discretion, take possession without notice and use all necessary means to protect the same or make the same productive, and/or beneficiary may appoint a receiver to collect and receive the rentals on the property described herein, applying the same to the payment of interest and dues, taxes, assessments and other claims against said property, paying the balance, if any, to trustor or parties entitled thereto.''

The parties are not agreed as to the proper construction of the agreement which purported to assign the rents, plaintiff contending that it was effective to assign the rents, and defendant and respondent Perry contending that it was a mere agency without an interest in the subject of the agency, and conferred only authority to collect rents for and on behalf of the trustor. We construe the instrument as an assignment of rentals but inasmuch as this construction agrees with that of plaintiff and appellant we deem it unnecessary to discuss the terms of the agreement or to state our reasons for the construction which we place upon it.

The trial court was of the opinion that the provisions of the trust deed which we have quoted did not give the trustee or beneficiary the right to enter upon the property and collect rents. In support of its contention that the court was in error in placing this construction upon the trust deed provisions, appellant relies upon the decision of the Supreme Court in *Snyder* v. *Western Loan & Bldg. Co.*, 1 Cal. (2d) 697 [37 Pac. (2d) 86]. In that case it was held that the provisions of a deed of trust gave the beneficiary the right to collect rentals from the real property secured by the deed of trust, but the provisions of the instrument under consideration in that case differed materially from the provisions we have quoted from the trust deed involved in the present case. In the Snyder case, *supra*, the indenture after the usual granting clauses read as follows: ''Together also with the rents, issues, profits and income from said premises with the right at any time after default or maturity to collect the same, and to enforce this provision the trustee shall be

entitled to the appointment of a receiver.'' While other language was used in that trust deed which is practically identical with that of the language which we are called upon to construe, there is nothing in the provisions which we are considering which gives either the trustee or beneficiary the right to collect rents in such specific language as we have quoted from the Snyder case, *supra*. The right of the trustee or beneficiary in the instant case to enter upon the real property in the first contingency stated in the quoted provisions relates to a situation where the trustor has failed or refused to make payments of taxes, assessments, etc., or to complete a building or to pay claims for labor and material used therein, and not to the contingency of default in payments of principal or interest as called for by the trust deed note. The payments to be made upon default for which the right of possession is given are those which are to be made to other persons and not payments to be made by the trustor to plaintiff. The right of possession has for its stated purpose the protection of the security of the trust deed. The right to collect rentals is not specifically granted nor is it necessarily to be inferred, and we think it is not to be inferred, from those provisions which predicate the right to possession upon the failure of the trustor to make payments which he was obligated under the trust deed to make.

The next following contingency where possession may be taken is one in which the property has been vacated or abandoned and this provision has no application under the admitted facts.

The final provision for the appointment of a receiver to collect rentals and for the payment therefrom of interest, taxes, assessments and other claims against the property is the troublesome one. Appellant contends that under this provision it had a right to go into possession at any time after default in the payment of principal or interest or dues upon the trustor's stock in plaintiff association, and it is claimed that this right accrued upon the failure of defendants to pay interest and dues at their respective maturity dates. Defendant Perry contends that the right to collect rents through receivership existed only in case of vacation or abandonment of the property. If we were required to choose between these opposing constructions from a consideration of the provisions of the trust deed alone we would

find ourselves in some doubt as to the meaning of the instrument in this respect. Certainly there is no clear provision in the indenture giving the trustee or beneficiary the right to possession upon default by the trustor in making payments of sums which are due to the beneficiary. But the trust deed and note were not the only instruments executed by the parties. On the same day they were executed the trustor assigned the rents to plaintiff by a separate instrument which we have already referred to and which was also signed by plaintiff's officers. The conduct of the parties in so doing is illuminating as to their own construction and understanding of the provisions of the deed of trust. If they had understood and intended that the deed of trust granted to plaintiff the right to enter into possession and to collect rentals there would have been no necessity for the assignment of rents. It would appear therefore, and quite clearly we think, that the parties, and especially plaintiff as beneficiary, understood that the trust deed did not give plaintiff the right to collect rentals and that a separate agreement was necessary to vest that right in or transfer that authority to either the trustee or beneficiary. The understanding which the parties had of the meaning of their agreement, and the construction which they placed upon it where the meaning on its face was uncertain, is the one which the court should adopt. It is to be noted also that when plaintiff demanded rents from the tenants it based its rights upon the assignments of rents and not upon the provisions of the deed of trust. We think there was good reason for the interpretation which the trial court placed upon the deed of trust.

 Plaintiff's right to collect rents as against defendant Needham under the assignment of rentals was not questioned but its right as against appellant Perry was not established to the satisfaction of the trial court. The finding was that Perry purchased the property for value and without knowledge or notice of the existence of the assignment of rentals. It is tacitly conceded by appellant that although the agreement was recorded it was not acknowledged or certified so that its recordation would impart constructive notice of its contents. There is therefore no basis for holding that defendant Perry was bound by the terms of the assignment unless it be shown that he had actual knowledge thereof. If, therefore, the finding that he had no such knowledge

is supported by the evidence his right to rentals as an owner of the property was unaffected by the assignment and the judgment in his favor must be sustained.

Plaintiff relies upon the following facts as proving knowledge of Perry of the existence of the assignment of rents: Perry purchased the real property through one Smith, who took title thereto as the trustee of Perry. Perry had employed one Wickham, a real estate broker, to act for him as broker in the purchase of the Needham property. Wickham, at the request of an attorney who prepared the deed of the property from Mrs. Needham to Smith, went to the office of a title company to get a correct description of the premises to be conveyed to Smith, that being all that Wickham was requested to do in that connection; then, as the court found, ''While at the office of said title company the said W. F. Wickham on his own account and without being requested by anyone so to do examined the tract or record book of said company in the office of said title company, showing conveyances and other items affecting the title to said premises, and then observed that there was noted thereon in addition to three trust deeds on said premises an assignment . . . '' It was further found that Wickham was not employed by Smith, except as a broker to negotiate the exchange of properties with Josephine B. Needham; that at no time had he been directed by Perry to ascertain the condition of the title to the Needham property or liens or encumbrances thereon, and it was found further that the information he obtained from his examination of the lot book in the office of the abstract company was not communicated to either Perry or Smith. There is nothing in the evidence which adds to or detracts from the statement of facts set forth in the findings. From these facts the trial court properly concluded that Wickham was not acting within the scope of his employment as a broker when he examined the lot book and there found the notation of an assignment. We are cited to no authority which holds that it is the duty of a real estate broker, whose authority is limited to negotiating terms of a sale or purchase, to make an examination of the state of the title to the property involved. There was no evidence that Wickham was employed or authorized to ascertain the state of the title nor was there evidence that it was customary for real estate brokers to make such an examination and that

Wickham's employment was entered into with an understanding of such custom. The vocations of a real estate broker and a searcher of records are distinct and separate each from the other. They cover entirely different fields of work. In real estate conveyancing title insurance companies have become, generally speaking, the sole source of information respecting the record state of land titles, and their certifications or policies guaranteeing the condition of the record are commonly accepted as authoritative evidence thereof. Such, presumably, was the practice followed in the instant case, but in any event it was no part of the duties of Wickham acting solely in the capacity of real estate broker to search the records or to ascertain in any other manner what stood of record affecting title to the Needham property. Such information as he obtained upon that subject was wholly outside of the scope of his employment. There is no presumption that it was imparted to his principal and the evidence was that it was not so imparted. Having purchased the land through his agent Smith, without knowledge and without notice, actual or constructive, of the assignment of rentals, defendant Perry was not bound thereby and as against him plaintiff could not rely thereon. Plaintiff failed to establish a right to retain the rentals involved and respondent Perry was entitled to judgment in the amount thereof.

The judgment is affirmed.

York, Acting P. J., and Doran, J., concurred.