In re Don **GOULD** and Diane Gould, husband and wife, Debtors/Appellees.

Civ. No. 87–1163.

United States District Court, D. Idaho.

Sept. 29, 1987.

Dale G. Higer, Thomas R. Linville, Boise, Idaho, for plaintiffs.

Marc S. Tanner, Boise, Idaho, for defendant.

### MEMORANDUM OF DECISION AND ORDER

FRED M. TAYLOR, District Judge.

This matter is presently before the Court on appeal from the Bankruptcy Court. The appeal arises from the Bankruptcy Court's determination that the assignment of rents clause, in each of the Trust Deeds in ques-

tion, gave Appellants, Occidental Life Insurance Company (Occidental) and Rainer Financial Services Co. (Rainer) only a security interest in the rents. Rainer and Occidental are holders of promissory notes executed by Debtors Don and Diane Gould, the Appellees. These two promissory notes are each secured by a Deed of Trust. Rainer and Occidental, the beneficiaries under the two Deeds of Trust, maintain that these Deeds of Trust provide for an absolute assignment of rents as opposed to an assignment for additional security. The issue presented in this appeal is whether the lower court erred in determining that the two Deeds of Trust provided only for an assignment for additional security.

State law controls the issue of whether collateral assignments of rents in a deed of trust constitute absolute assignments or merely provide additional security. *Butner v. United States*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). Under Idaho law, the character of an instrument is determined by the substance of the language it contains, not by its form. *Rush v. Anestos*, 661 P.2d 1229, 1233, 104 Idaho 630, 634 (1983).

Although no Idaho authority has been cited to the Court concerning the assignments of rents, general Idaho law concerning the construction of contracts should control. When the language of a contract is clear and unambiguous, the meaning of the contract and the intent of the parties must be determined from the plain meaning of the contract. *Wood v. Simonson*, 701 P.2d 319, 322, 108 Idaho 699, 702 (Idaho App.1985). In the present case, the parties have not argued nor did the lower court find that the two Deeds of Trust in question were ambiguous. Therefore, the meaning of the assignments of rents clauses must be determined from the language of the contract itself. This approach to interpreting the assignment of rent clauses is consistent with the approach taken by the California Supreme Court in *Kinnison v. Guaranty Liquidating Corp.*, 18 Cal.2d 256, 261, 115 P.2d 450, 455 (1941). The Court in *Kinnison* in ruling that an assignment of rents clause was absolute stated that:

... [T]he parties to a mortgage or a deed of trust may contract respecting the right to rentals and that such agreements will be enforced in accordance with the express intention of the parties. (Citations omitted.)

... [T]he decisive question is whether the parties contemplated an assignment of the rentals or merely a pledge of the rentals for security purposes. (Citations omitted.)

*Id.* at 453.

The assignment of rents language is set forth in paragraph 26 of the Rainer Deed of Trust which provides in pertinent part:

... ASSIGNMENT OF RENTS: APPOINTMENT OF RECEIVER: LENDER IN POSSESSION. As part of the consideration for the indebtedness evidenced by the Note, *Borrower hereby absolutely and unconditionally assigns and transfers to Lender all the rents and revenues of the Property*, including those now due, past due, or to become due by virtue of any lease or other agreement for the occupancy or use of all or any part of the Property, regardless of to whom the rents and revenues of the Property are payable. Borrower hereby authorizes Lender or Lender's agents to collect the aforesaid rants and revenues and hereby directs each tenant of the Property to pay such rents to Lender or Lender's agents; provided, however, that prior to written notice given by Lender to Borrower of the breach by Borrower of any covenant or agreement of Borrower in this Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower, to apply the rents and revenues so collected to the sums secured by this Instrument in the order provided in paragraph 3 hereof with the balance, so long as no such breach has occurred, to the account of Borrower, *it being intended by Borrower and Lender that this assignment of rents constitutes an absolute assignment and not an assignment for additional security only.* (Emphasis added.)

A review of the above-quoted language demonstrates that the parties did in fact contemplate an absolute assignment. The Rainer assignment expressly states that an absolute assignment and not an assignment for additional security is being made. The intent of the parties can be readily identified from the language used in making the assignment.

This interpretation of the Rainer assignment is in accord with the Ninth Circuit's ruling in *In re Ventura-Louise Properties,* 490 F.2d 1141 (9th Cir.1971). The Court in *Ventura-Louise* was called upon to determine whether an assignment of rents clause created an absolute assignment of rents or merely an assignment for security purposes. The Court held that:

> Provisions granting to the mortgagee the right to collect rents in the event of default may be attached to a mortgage or trust deed. Such an agreement can provide for an absolute assignment of rents upon default. "It has been held that such a provision, rather than pledging the rents as additional security, operates to transfer to the mortgagee, the mortgagor's right to the rentals upon the [default] happening of a specified condition [such as default]." (Citations omitted.)

*Id* at 1143–1144. Thus, it is clear that an absolute assignment of rents can be made even though the trustee does not have a right to take possession of the rents until the happening of a condition such as default. Accordingly, the assignment made in the Rainer Deed of Trust was an absolute assignment and not merely an assignment for additional security.

Similarly, the Occidental Deed of Trust provided for an absolute assignment. The assignment of rents language can be found in paragraph ten which provides:

> ... That all leases of the Property, including all rents, issues and profits of the Property are hereby assigned to Beneficiary as further security for the obligations secured hereby. Until default be made in payment of any debt secured hereby or in performance of any of Grantor's agreements herein contained, Grantor may collect and retain such rents, issues and profits as they become due. *Upon any such default this assignment shall become absolute.* Thereafter, Beneficiary may at any time without notice, either by its agents, attorneys, employees, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for any debt hereby secured, enter upon and take possession of the Property, do any acts Beneficiary may deem necessary or proper to conserve the value thereof, rent, lease and operate the same in its own name, and collect and receive all rents, issues and profits thereof, including those past due and unpaid, applying the same, less costs and expenses of operation and collection, upon any indebtedness secured hereby. Neither the taking of possession nor the collecting of rents, issues and profits and the application thereof, as aforesaid, shall cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice. (Emphasis added.)

Although the language in the Occidental Deed of Trust is not as strong as that in the Rainer Deed of Trust, it is nevertheless clear that the parties intended to make an absolute assignment upon the happening of a condition such as default. Accordingly, the Occidental assignment of rents language created an absolute assignment of rents.

The lower court, in reaching its decision, as do Appellees here, relied heavily on *McGill v. Lester,* 700 P.2d 964, 108 Idaho 561 (Idaho App.1985). In *McGill,* the court held that an option for the purchase of real estate could be shown, by extrinsic evidence, to actually be security for a debt. The court set forth five factors to determine whether an instrument created a security interest or an absolute transfer: (a) the existence of a debt to be secured; (b) survival of the debt after execution of the instrument in question; (c) any previous negotiations of parties; (d) the inadequacy of consideration for an outright conveyance; (e) the financial condition of the purported grantor; and (f) the intention of the parties. *Id.* at 967, 108 Idaho at 564. In

the present case, the lower court made its determination that each of the two assignments in question was merely for additional security by utilizing these five factors.

However, any reliance on *McGill* in the present case is clearly misplaced. The *McGill* court found authority for its position that extrinsic evidence could be introduced to establish via the above five factors that the option in question was actually additional security for a debt under Idaho Code 45–905. *Id.* at 967, 108 Idaho at 564. Section 45–905 which allows a party in certain circumstances to prove by extrinsic evidence that a conveyance which appears absolute on its face is actually security for a debt, provides that:

> The fact that a transfer was made subject to defeasance on a condition may, for the purpose of showing such transfer to be a mortgage, be proved (*except as against a trustee under any trust deed or transfer in trust* ...), though the fact does not appear by the terms of the instrument. (Emphasis added.)

Thus, 45–905 does not provide any authority for the lower court's introduction of extrinsic evidence since trustees under deeds of trust are expressly excepted from the section. Also, there was no extrinsic evidence attempting to change the expressed provisions of the Deeds.

The assignments of rents clauses in the two Deeds of Trust are clear and unambiguous. Therefore, the meaning of the assignments of rents clauses must be ascertained from the clauses themselves. A review of the language contained in the assignments of rents clauses clearly reflects that the parties contemplated an absolute assignment as opposed to merely an assignment for additional security.

Accordingly, it is Ordered that the decision of the Bankruptcy Court be, and the same hereby is, Reversed, and that this matter be remanded to that Court for further proceedings consistent with the terms hereof.